475 So.2d 974 (1985)
CENTRAL FLORIDA REGIONAL HOSPITAL, Appellant,
v.
DAYTONA BEACH GENERAL HOSPITAL, Saxon General Hospital and Department of Health and Rehabilitative Services, Appellees.
No. BC-351.
District Court of Appeal of Florida, First District.
September 17, 1985.
*975 Thomas A. Sheehan, III, and Donna Stinson, of Moyle, Flanigan, Katz, Fitzgerald & Sheehan, West Palm Beach, for appellant.
Ronald L. Book, of Sparber, Shevin, Rosen, Shapo & Heilbronner, Miami, and F. Philip Blank, Tallahassee, for appellees, Daytona Beach General Hosp. and Saxon General Hosp.
David P. Gauldin, Asst. Gen. Counsel, Dept. of Health and Rehabilitative Services, Tallahassee, for appellee/Dept.
NIMMONS, Judge.
Appellee, Daytona Beach General Hospital and its subsidiary Saxon General Hospital (hereinafter referred to as DBGH), applied to the Department of Health and Rehabilitative Services (HRS) for a certificate of need (CON) for construction of a hospital in Deltona, Florida. DBGH's application proposed to transfer 100 beds from DBGH in Subdistrict 4 of HRS District 4 to a planned facility in Deltona, which is located in Subdistrict 5 of HRS District 4, and to delicense an additional 50 beds at DBGH, thus reducing the total number of beds in the district by 50. Appellant Central Florida Regional Hospital (CFRH), which is located within HRS District 5 in Sanford, opposed the granting of this application. HRS denied the application, on the ground that HRS District 4 is "over-bedded." DBGH applied for and received a § 120.57 hearing on the denial. CFRH intervened and opposed DBGH in the proceedings below. The hearing officer recommended granting the CON. HRS accepted the recommendation and issued its final order incorporating the recommended order. CFRH appeals HRS's order on the basis that HRS deviated from its rules without adequate explanation. We affirm.
A "Certificate of need" is defined by § 381.493(3)(c), Florida Statutes, as, "a written statement issued by the department evidencing community need for a new, converted, expanded, or otherwise significantly modified health care facility, health service, or hospice." [emphasis added].
DBGH's application is for a CON for new construction or establishment of additional health care facilities pursuant to 381.494(1)(b), not for the addition of beds by new construction or alteration under 381.494(1)(a) or (e). Rule 10-5.11(23) applies to applications for new or additional beds. No reference is made in this rule to converted, modified, or transferred beds.
The futility of applying bed need methodology by rule when transferring beds within a district is apparent. If there are 100 licensed beds in a subdistrict which are moved to another subdistrict, the total number of beds remains the same; there are no "new or additional beds." In the case at bar the net effect is a reduction of 50 beds. Thus we conclude that the rule does not contemplate a situation as we have here where not only are no additional beds being added in the district, but in fact the total number of beds is being reduced. Inasmuch as the rule is not designed for a proposal to transfer beds, we find that Rule 10-5.11(23)(f) et seq. has no applicability to this case.
Appellant's sole argument on appeal is that HRS has deviated from its rules, especially as to accessibility found in 10-5.11(23)(i), where it is clear from the record that no bed need had been established pursuant to 10-5.11(23)(f), (g), and (h). This argument must fail because the rule does not apply to the transfer of beds from one facility to another. However, this is not to say that DBGH is excused from having to satisfy the statutory criteria.
*976 We have reviewed the final order on appeal and find that it did not rely solely on rule criteria in making a determination to grant a CON to DBGH. Section 381.494(6)(c) lists 13 criteria to be considered when a CON application is reviewed. Paragraph (d) lists an additional 5 criteria to be considered in cases of capital expenditure proposals for new health services to inpatients. The parties stipulated below that only certain of the criteria needed to be considered by the hearing officer in his review of HRS's denial of the CON. DBGH's application was properly reviewed by reliance upon the applicable statutory criteria. No reversible error having been shown, the order on appeal is Affirmed.
MILLS, J., and PEARSON, TILLMAN (Ret.), Associate Judge, concur.