559 So.2d 665 (1990)
HEALTH CARE AND RETIREMENT CORPORATION OF AMERICA, INC. and Cross Key Manor, Appellants,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
Nos. 89-2344 and 89-2360.
District Court of Appeal of Florida, First District.
March 29, 1990.
Rehearing Denied May 21, 1990.
*666 Alfred W. Clark, Tallahassee, for appellant Health Care and Retirement Corp. of America, Inc.
James M. Barclay of Cobb, Cole & Bell, Tallahassee, for appellant Cross Key Manor.
Richard A. Patterson, Asst. Gen. Counsel, Dept. of Health and Rehabilitative Services, for appellee.
JOANOS, Judge.
Health Care and Retirement Corporation of America, Inc. (HCR) and Cross Key Manor have appealed a final administrative order denying their applications for a certificate of need (CON) for eighteen (18) nursing home beds in Lee County. As to Cross Key Manor, we affirm without further discussion, in that the Department's denial of its application was not arbitrary and capricious. § 381.709(6), Fla. Stat. (1987). With regard to HCR, however, we reverse and remand for further proceedings.
In April 1988, the Department published the need for 78 nursing home beds in Lee County, Florida. At the time of its application, HCR already held an approved CON for a 90-bed nursing home in Lee County, which included 20 beds for the treatment of Alzheimer's disease patients. It applied for an additional 20 of the newly-available 78 beds, the purpose of which, as stated in the application, was to provide a rehabilitation facility. The application also indicated on its face that none of the 20 beds would be allocated to Alzheimer patients, and that 40%, or 8, of the beds would serve Medicaid patients.
Among the other applicants, seeking 60 of the 78 available beds, was Surrey Place of Lee Co. In the "state action agency report" (SAAR), prepared by the Department under the supervision of Elizabeth Dudek, Surrey Place was the recommended recipient of a CON for those 60 beds. With regard to HCR, whose application was rejected, the SAAR erroneously indicated that none of its requested 20 beds would be dedicated to Medicaid patients, and further erroneously indicated that the beds were intended for the care of Alzheimer patients.
HCR challenged the denial of its application; only the 18 beds remaining after the 60-bed grant to Surrey Place were at issue at the subsequent hearing. HCR presented testimony that 40% of the requested beds were committed to Medicaid patients, and it intended to use the beds for rehabilitation patients. It also sought to introduce evidence supporting a grant of the 18 remaining beds rather than the 20 beds sought in its application. The hearing officer allowed the evidence, citing the Department's past practice of allowing such "downsizing" at a final hearing, even though the reduced number had not been considered at the time of the application. Elizabeth Dudek testified on behalf of the Department that the representations in the SAAR regarding HCR's proposed Medicaid service were erroneous; she otherwise adopted the SAAR as her testimony.
With regard to the 2-bed reduction in HCR's application, Dudek acknowledged that the Department had, in the past, allowed CON applicants to seek a smaller number of beds at the final hearing than had been sought in the initial application, even though the application had been deemed complete. However, she stated that, based on a March 1988 rule requiring a published fixed need number, the Department had changed its policy so that only the number of beds actually applied for would be considered at the final hearing. She conceded that no rule to this effect had been proposed or published, and that the policy change was not disseminated in any form until it appeared in an October 1988 Department manual and on a revised CON application form.
The hearing officer recommended that HCR's application be denied. She permitted HCR's downsizing of its application from 20 to 18 beds, citing the Department's failure to publish notice that its downsizing practice had changed. However, the hearing officer went on to find that HCR had made other, impermissible attempts to *667 change its application at the final hearing, namely, to alter its purpose from an Alzheimer's facility to a rehabilitation facility, and from all-private pay beds to 40% Medicaid beds. Noting that the county Alzheimer service need had previously been met by the Surrey Place CON, so that there was no need for the Alzheimer service allegedly proposed by HCR, and that HCR's alleged all-private pay policy violated the District Health Plan mandate that one-third of new beds be dedicated to Medicaid patients, denial was recommended.
HCR filed exceptions to the recommended order, pointing out that it had always sought the beds for rehabilitation purposes, and that the Department had confessed error at the hearing with regard to the Medicaid dedication indicated in the SAAR. However, in its final order, the Department found the hearing officer's findings supported by competent, substantial evidence and rejected the exceptions. The final order also rejected the hearing officer's ruling with regard to downsizing, finding that an agency did not have to give advance notice of intent to use a non-rule policy. HCR's application was denied.
Agency determinations may be set aside if the reviewing court finds that the agency's conclusions are derived from findings of fact not supported by competent record evidence. Zubi Advertising Services, Inc. v. Department of Labor, 537 So.2d 145, 146 (Fla. 3d DCA 1989). Here, the hearing officer found that HCR had impermissibly attempted to amend its application at the final hearing to change the purpose of the additional beds from Alzheimer treatment to rehabilitation, and to change the composition of the beds from all-private pay to 40% Medicaid patients. Applying statutory review criteria to these findings, the hearing officer concluded that, because there was no need for the proposed Alzheimer service, Section 381.706(1)(a), Florida Statutes, and because HCR had not proposed to serve Medicaid patients, Section 381.709(1)(n), its application should be denied.
A thorough review of the record herein, including HCR's CON application, the SAAR, and the hearing transcript, reveals that at all times HCR sought the additional beds for the provision of rehabilitation services, and further consistently proposed to use 40%, or 8, of those beds to serve Medicaid patients. Although the SAAR indicated in several places that no Medicaid services were intended, this is directly contrary to information contained in the application, and the Department's representative testified that the SAAR was in error on this point.
Therefore, there was no competent record evidence to support the hearing officer's findings of fact regarding HCR's attempted alteration of its application, and consequently no record support for the conclusions of law based thereon that HCR had not met the cited statutory review criteria. It must follow that neither is the Department's final order, which adopted these findings and conclusions as a basis for denying HCR's application, supported by competent substantial evidence in the record.
However, the findings of fact and conclusions of law recited in the recommended order were not the sole basis for the Department's denial of HCR's application. In addition, the Department rejected the hearing officer's ruling on the downsizing issue, finding that failure to publish notice that it would no longer permit downsizing did not prevent the denial of the application on the ground that it did not seek the correct number of beds.
This is correct so far as it goes, in that an agency may apply its non-rule policy regardless of notice so long as affected persons have a clear point of entry to challenge the use of the policy. St. Francis Hospital, Inc. v. HRS, 553 So.2d 1351, 1354 (Fla. 1st DCA 1989). However, it ignores the principle that, when an agency seeks to validate its action based upon a policy that is not recorded in rules or discoverable precedents, that policy must be established by expert testimony, documentary opinions, or other evidence appropriate to the nature of the issues involved and the agency must *668 expose and elucidate its reasons for its discretionary action. St. Francis at 1354.
In other words, an agency may apply incipient or developing policy in a Section 120.57 administrative hearing provided the agency explicates, supports and defends such policy with competent, substantial evidence on the record in such proceedings. St. Francis at 1354 (emphasis supplied), citing Gulf Coast Home Health Services v. HRS, 513 So.2d 704 (Fla. 1st DCA 1987). This the Department did not do. Its representative, Dudek, simply stated without elaboration that a rule requiring publication of a fixed pool number required the Department to change its admittedly established downsizing policy. The change was not otherwise "explicated, supported, or defended" in any way. In fact, Dudek's testimony is susceptible of the interpretation that the fixed pool rule simply codified the Department's pre-existing practice on that issue. This does not lend credence to the bare assertion that the rule required alteration of the downsizing policy, and no other evidence supports or defends that change.
Section 120.68(12), Florida Statutes (1987) provides that the court shall remand the case to the agency if it finds the agency's exercise of discretion to be inconsistent with a prior agency practice, if deviation therefrom is not explained by the agency. Further, Section 120.68(10), Florida Statutes, requires the court to set aside agency action or remand the case to the agency if it finds that the agency's action depends on any finding of fact that is not supported by competent substantial evidence in the record. We therefore reverse the final order appealed herein as to HCR, and remand to the Department for further action consistent with this opinion.
SMITH and WENTWORTH, JJ., concur.