617 So.2d 385 (1993)
AGENCY FOR HEALTH CARE ADMINISTRATION, Petitioner,
v.
ORLANDO REGIONAL HEALTHCARE SYSTEM, INC., formerly known as, Orlando Regional Medical Center, Inc., Respondent.
No. 92-4081.
District Court of Appeal of Florida, First District.
April 20, 1993.
*386 J. Robert Griffin and Edward G. Labrador, Agency for Health Care Admin., Tallahassee, for petitioner.
Steven R. Bechtel of Mateer Harbert & Bates, Orlando, for respondent.
Steven W. Huss, Tallahassee, for intervenor.
ERVIN, Judge.
The Agency for Health Care Administration (AHCA) seeks review of a non-final administrative order[1] which held that the need criteria of Section 381.705, Florida Statutes (1991), are inapplicable to the transfer of ownership of a certificate of need (CON) submitted by respondent Orlando Regional Healthcare System, Inc. (ORHS). Under the unique circumstances of this case, we affirm.
In August 1984, the Department of Health and Rehabilitative Services[2] (HRS) approved the issuance of CON 2313 to Daytona Beach General Hospital (DBGH) to construct a 100-bed general hospital in Subdistrict 5 of HRS District 4. DBGH proposed to transfer 100 beds from Subdistrict 4 to Deltona in Subdistrict 5 and to delicense an additional 50 beds at DBGH in Subdistrict 4, thereby reducing the total number of beds in HRS District 4 by 50. This court affirmed the final order approving the construction CON in Central Florida *387 Regional Hospital v. Daytona Beach General Hospital, 475 So.2d 974 (Fla. 1st DCA 1985).
On September 4, 1986, DBGH filed a Chapter 11 petition in bankruptcy. The record disclosed that HRS extended the period of validity of CON 2313, as authorized by Section 381.710(2)(a), Florida Statutes, until HRS deemed the facility to be under construction on May 20, 1987. On October 14, 1987, DBGH converted to Chapter 7 bankruptcy, and a trustee was appointed. DBGH's hospital license expired on February 28, 1988, and HRS terminated CON 2313 on April 4, 1988. Thereafter the trustee filed a complaint with the bankruptcy court, and the court concluded that the automatic stay provision of 11 U.S.C. § 362(a) (1988) precluded the termination of CON 2313. No appeal was taken, and while AHCA asserts that it filed a motion seeking relief from the automatic stay in federal court, nothing in the record shows what action, if any, was taken on the motion.
In its application for CON 6911, ORHS sought approval of a transfer of the ownership of CON 2313 from the bankrupt estate of DBGH to ORHS. AHCA denied the application for CON 6911, and ORHS sought administrative review. The dispute before us, which was generated by a motion in limine filed by ORHS, concerns whether CON transfer application 6911 required AHCA to consider all the statutory review criteria that are applicable to new CONs, or whether only certain criteria are applicable.
Section 381.706, Florida Statutes (1991), now Section 408.036, Florida Statutes (Supp. 1992), relating to "projects subject to review," provides:
(1) APPLICABILITY.  Unless exempt pursuant to subsection (3), all health-care-related projects, as described in paragraphs (a)-(n), are subject to review and must file an application for a certificate of need with the department... .
* * * * * *
(n) A transfer of a certificate of need, in which case an expedited review shall be conducted according to rule and in accordance with s. 381.712.
Section 381.705, Florida Statutes (1991), requires the agency to review a CON application "in context with" 14 review criteria. AHCA insists that it was required to weigh each of the statutory criteria when considering the transfer application. ORHS contends, and the hearing officer agreed, that the agency's prior policy had been to review transfer applications using only the criteria that would bear on whether the transfer applicant could implement the CON project as approved, and that criteria relating to need for such facility were not considered, having already been considered when the CON was originally approved.
Testimony was submitted on behalf of numerous witnesses for ORHS, a number of whom were former employees of HRS, stating that the agency does not consider criteria relating to need when evaluating a transfer application, because the need for a CON was already established. Therefore, a transfer applicant need prove only that it is similarly situated to the original CON holder, and that it has the capacity to provide the project as originally approved.[3]
HRS Manual 235-1, titled "TRANSFER OF A CERTIFICATE OF NEED," submitted into evidence, provides, in section 17-1: "This chapter outlines the department's policy on the transfer of a Certificate of Need." Section 17-7, titled "Review Considerations," states:
a. The primary criteria for review of a Certificate of Need transfer will be on the proposed new holder's capability to complete the project as approved.
b. Capability of the proposed holder (transferee) will be assessed based on the following elements:
(1). Financial resources of the applicant;

*388 (2). Developmental or managerial capability including capability to provide quality care;
(3). Previous experience with similar or like projects;
(4). Other applicable statutory review criteria except need.

(Emphasis added.) Testimony was also adduced showing that Chapter 17 was still used to review transfer applications.
In contrast to the above evidence, Elizabeth Dudek, current director of the Office of Community Health Facilities and Services, which implements the CON laws and reviews CON applications, testified that the agency's position is that all statutory criteria apply to both transfer as well as new applicants, and that this has been the department's policy since she began working there in 1983. She said that HRS Manual 235-1 was probably in use between February 1990 and sometime in 1991, although she never used it. She said that the law requires the agency to place its policy into rule form, which the agency did in late 1990 or early 1991, and that the manual was no longer applied when CON 6911 was reviewed because most of the items in the manual had been codified by rule.
When asked to interpret section 17-7 of HRS Manual 235-1, particularly subsection (b)(4), which requires evaluation of "applicable statutory review criteria except need," Dudek answered that sub-part (4) must be evaluated in regard to what is called for in sub-section (a), i.e., requiring an evaluation of the applicant's capability to complete the project as approved. She said that "need" in subsection (4) referred to the fact that the agency would not be required to evaluate numeric need if none of the basic components of the project had been changed by the transferee, in other words, if it was the same exact project.
The hearing officer concluded that prior transfer applications which had been admitted into evidence disclosed that the need criteria were marked "no need" or "not applicable" and that there was a positive finding in each case that the applicant could provide quality care and had the resources to implement the project.
The hearing officer concluded,
AHCA may not depart, in this case, from its non-rule policy of reviewing transfer cases to determine if the transferee has the skills and resources to implement the project.
The hearing officer thereupon ordered,
[T]he review criteria applicable to this proceeding are limited to the application to transfer ownership of CON 2313, not the criteria which were or could have been at issue in the original issuance of CON 2313.
Contrary to the petitioner's contention, there is no statute or rule that specifically requires the agency to review all of the statutory criteria in relation to transfer applications. This court has stated that "when an agency seeks to validate its action based upon a policy that is not recorded in rules or discoverable precedents, that policy must be established by expert testimony, documentary opinions, or other evidence appropriate to the nature of the issues involved and the agency must expose and elucidate its reasons for its discretionary action." Health Care & Retirement Corp. of Am., Inc. v. Department of Health & Rehab. Servs., 559 So.2d 665, 667-68 (Fla. 1st DCA 1990). Accord St. Francis Hosp., Inc. v. Department of Health & Rehab. Servs., 553 So.2d 1351 (Fla. 1st DCA 1989). We therefore conclude that there was competent, substantial evidence, as outlined above, supporting the hearing officer's conclusion that in 1991 the agency had a non-rule policy consistent with HRS Manual 235-1, precluding consideration of need regarding transfer applications, and that it changed its non-rule policy when, in considering CON 6911, it reevaluated the need criteria that had already been resolved when it issued CON 2313.
We emphasize that our conclusion is based upon the particular facts of this case and does not constitute a broad holding that AHCA is prohibited from considering need in a case involving a CON transfer application, where, due to construction inactivity, the CON could be terminated pursuant to the provisions of section 381.710. In the case at bar, these provisions are inapplicable because, as stated, the stay provisions of 11 U.S.C. § 362(a) precluded *389 AHCA's right to terminate the DBGH's inactive certificate and nothing in the record shows that AHCA obtained relief from the stay entered. Under the circumstances existing, we hold that ORHS presented competent, substantial evidence to support a limited scope of administrative review in this case.
We also address respondent's motion to strike evidence attached to AHCA's reply brief, which was not submitted to the hearing officer for consideration below. In response thereto, AHCA contends that the 1977 committee note to Florida Rule of Appellate Procedure 9.100(e) authorizes inclusion of material outside the record in the appendix of a petition for review of non-final administrative action. That note provides in part,
Under subdivision (g) no record is required to be filed unless the court so orders, but under subdivision (e) the petitioner must file an appendix to the petition containing conformed copies of the order to be reviewed and other relevant material, including portions of the record, if a record exists. The appendix should also contain any documents that support the allegations of fact contained in the petition.

(Emphasis added.) AHCA claims that this language means that it may include in its appendices any relevant documents, even if not formally admitted into evidence at the DOAH proceeding. We disagree. It is basic that an appeal asserting error on the part of a lower tribunal can only be based on evidence presented to that lower tribunal. See, e.g., Altchiler v. Department of Professional Reg., Div. of Professions, Bd. of Dentistry, 442 So.2d 349, 350 (Fla. 1st DCA 1983). Any exception to this general rule which may be implied from the committee note is not present in the situation before us. We therefore grant respondent's motion to strike.
AFFIRMED.
BARFIELD and WEBSTER, JJ., concur.
NOTES
[1] This court has jurisdiction to consider the petition for review of non-final administrative action under Section 120.68(1), Florida Statutes (1991), Florida Rule of Appellate Procedure 9.030 and 9.100, and the rationale of Florida Department of Law Enforcement, Criminal Justice Standards & Training Commission v. Dukes, 484 So.2d 645 (Fla. 4th DCA 1986).
[2] Pursuant to Chapter 92-33, Section 1, at 241, Laws of Florida, administration of the CON statutes was transferred from HRS to AHCA.
[3] Thomas J. Konrad, formerly an administrator of the CON program with HRS and now a consultant in the area of health care facilities planning, testified that the criteria of section 381.705(1)(a), (b), (d), (f), (g), (j), (k), and (l), are not applicable to transfer applicants, but that (1)(c), (e), (h), (i), (m), and (n), are.