800 So.2d 706 (2001)
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Petitioner,
v.
Gary PARRISH, etc. et al, Respondents.
No. 5D01-2292.
District Court of Appeal of Florida, Fifth District.
November 30, 2001.
Sharon Lee Stedman, of Sharon Lee Stedman, P.A., Orlando, and Jack E. Carstensen of Rigdon, Alexander & Rigdon, L.L.P., Cocoa, for Petitioner.
*707 Julie H. Littky-Rubin, of Lytal, Reiter, Clark, Fountain & Williams, L.L.P., West Palm Beach, and Robert M. Moletteire, of Graham, Moletteire, Tuttle & Torpy, P.A., Melbourne, for Respondents.
HARRIS, J.
Gary and Joellen Parrish ("Parrish") sued State Farm as their uninsured motorist carrier. Since there were two policies involved, Parrish claimed that the policy coverage for each policy should be stacked. State Farm defended on the basis that Parrish had specifically selected and paid for nonstacking coverage. That was the state of the pleadings when Parrish requested the production of voluminous material seeking information relative to how the selection process concerning the stacking coverage option was handled by State Farm, apparently to see if there was any basis to avoid the consequence of Parrish's previous selection. When the trial court ordered the production, State Farm filed its certiorari petition urging that the discovery request was not only unduly burdensome and overbroad, but also constituted a fishing expedition unrelated to the issues raised by the pleadings.
In Allstate Insurance Co. v. Langston, 655 So.2d 91, 95 (Fla.1995), the supreme court held that certiorari was available and should be used to quash an order "to the extent that it permitted] discovery even when it has been affirmatively established that such discovery is neither relevant nor will lead to discovery of relevant information." Id. at 95. In Allstate Insurance Co. v. Boecher, 733 So.2d 993 (Fla.1999), the supreme court again discussed Langston and, without expressly overruling it, stated that the principle announced in Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987) (irreparable injury), remains the appropriate standard in considering the grant of certiorari relief in pretrial discovery.
In this case, when the trial court granted the production, it acknowledged that the requested discovery was irrelevant to any pleadings before the court. Thus the Langston criteria, to the extent it remains applicable, was met. But the judge went further: "I think that a prudent lawyer, you know, has tois entitled to do a little fishing around the number of the complaint on related issues that might give rise to a cause of action, if there is a potential cause of action out there. So, you know, I believe that if you want to call it fishing, I think a little fishing is appropriate and even prudent and warranted."
Thus, the error for which certiorari is here requested does not involve a mere alleged judicial error concerning the relevancy of the requested material to the issues before the court; it is an error of law by which the judge himself has expanded the parameters of rule 1.280(b)(1), Florida Rules of Civil Procedure, from permitting discovery of matters "relevant to the subject matter of the pending action" to authorizing a fishing expedition which "might give rise to a potential cause of action." We believe that having to defend against a potential, unstated cause of action while at the same time having to defend against the action properly before the court is sufficiently prejudicial to warrant certiorari. Further, effective review is necessary to assure compliance with the discovery rule as written.
CERTIORARI is granted and the order to produce documents unrelated to the present controversy but which might possibly lead to evidence supporting some subsequent cause of action is quashed.
COBB and PETERSON, JJ., concur.