PER CURIAM.
William W. Hughes, Jr., as personal representative of the estates of William W. Hughes, Sr., and Martha Hughes, (“appellant”) challenges the trial court’s deduction of the amount of uninsured motorist (“UM”) benefits received by appellant from the jury’s award of compensatory damages. We reverse.
Section 768.041(2), Florida Statutes (2000), provides that if the plaintiff has provided a release or covenant not to sue in partial satisfaction of the damages sued for, the trial court may set-off that amount from the final judgment. Enterprise Leasing Company South Central, Inc. (“appellee”) argues on appeal that the trial court properly granted a set-off for the UM benefits because the UM carrier waived its subrogation rights. However, in support of this argument, appellee cites to a Specific Release between the UM carrier and appellant, which is not in the record but is attached to its appellate brief. As it is not a part of the record but merely attached to appellee’s brief, this Court cannot review the document on ap *1241 peal. See Agency for Health Care Admin. v. Orlando Reg’l Healthcare Sys., Inc., 617 So.2d 385, 389 (Fla. 1st DCA 1993) (stating that it is a basic tenet of the appellate process that an appeal is based only on evidence presented to the lower tribunal); see also Pedroni v. Pedroni, 788 So.2d 1138, 1139 n. 1 (Fla. 5th DCA 2001) (stating that where documents not part of the record are attached to an appellate brief, they will not be considered by the appellate court).
Section 768.76(1), Florida Statutes (2000), requires the trial court to reduce an award for damages by the amount the plaintiff has collected from collateral sources. However, the supreme court has held that a defendant cannot set-off against a judgment any amounts paid to a plaintiff as UM benefits. Int’l Sales-Rentals Leasing Co. v. Nearhoof, 263 So.2d 569, 571 (Fla.1972); see also Van Winkle v. Johnston, 813 So.2d 1065, 1066 (Fla. 1st DCA 2002) (stating that section 768.041(2) does not authorize a set-off for UM benefits); Respess v. Carter, 585 So.2d 987, 989 (Fla. 5th DCA 1991). Thus, the trial court erred in reducing appellant’s award of damages by $50,000, the amount of UM benefits received by appellant. Accordingly, we reverse and remand for the trial court to correct the Final Judgment to reflect the addition of $50,000.
REVERSED and REMANDED with directions.
MINER, WOLF and LEWIS, JJ„ CONCUR.