PLEUS, J.
Champaign National Bank and Trust seeks certiorari review of an interlocutory order denying Champaign’s renewed motion for judgment on the pleadings. We deny the petition for writ of certiorari.
Champaign argues that irreparable harm exists in this case to justify certiorari review based on an alleged pattern of *1165 harassment litigation to coerce Champaign to settle thus placing a “special burden” on Champaign. Certiorari is not generally available to review non-final interlocutory orders denying motions to dismiss or equivalent motions for judgment on the pleadings because the aggrieved party has a remedy on appeal. See Martin Johnson v. Savage, 509 So.2d 1097 (Fla.1987); H.L.O.T. Family Limited Partnership v. Magnolia Plantation Property Owners’ Ass’n, Inc. 801 So.2d 292 (Fla. 1st DCA 2001).
Certiorari is not a writ of expediency and cannot be used to circumvent the non-final appeal rule. See S.H. v. Dept. of Children and Families, 769 So.2d 452 (Fla. 5th DCA 2000); Hawaiian Inn of Daytona Beach, Inc. v. Snead Const. Carp., 393 So.2d 1201 (Fla. 5th DCA 1981). Champaign’s alleged “special burden” does not create irreparable harm to justify cer-tiorari review. Any alleged pretrial “harassment” should be addressed to the trial court in its sound discretion to control the case below.
PETITION DENIED.
THOMPSON, C.J., and GRIFFIN, J., concur.