PLEUS, J.
This wrongful death suit alleges that nursing home owner Mariner Health Care (“Mariner”) negligently allowed fire ants to bite resident Earl Dean Griffith, requiring extensive medical care and treatment, and ultimately resulting in his death. Mariner filed a third-party complaint against the pest control company which serviced the nursing home. Upon plaintiffs’ motion, a non-final written order was entered severing the trials and providing that the trial of the third-party complaint would be set at a date after disposition of the underlying action. Mariner has filed a petition for writ of certiorari in which it argues that the trial court’s decision to bifurcate the third-party complaint was an abuse of discretion. Mariner argues that it will suffer irreparable harm as a result of the trial court’s order.
Mariner has presented various arguments as to why the bifurcation was an abuse of discretion. However, the real issue is whether certiorari is the appropriate way to seek appellate relief. As explained in Belair v. Drew, 770 So.2d 1164, 1166 (Fla.2000), common law certiorari is an extraordinary remedy and should not be used to circumvent the rule limiting interlocutory appeals. See also Wheeled Coach Industries, Inc. v. Annulis, 852 So.2d 430, 433 (Fla. 5th DCA 2003), rev. dismissed, 871 So.2d 876 (Fla.2004). Stated differently!, certiorari is not a writ of expediency to be used to avoid the limitations on interlocutory appeals. See Champaign Nat. Bank & Trust v. SOS Industries, Inc., 847 So.2d 1164, 1165 (Fla. 5th DCA 2003); S.H. v. Dept. of Children and Families, 769 So.2d 452, 452 (Fla. 5th DCA 2000).
To be entitled to certiorari review of a non-final order, a petitioner must demonstrate that the trial court’s order is a departure from the essential requirements of law, causing irreparable injury which cannot be adequately remedied on plenary appeal. See Belair, supra. See also Dept. of Children and Families v. L.D., 840 So.2d 432, 435 (Fla. 5th DCA 2003). As explained in Jaye v. Royal Saxon, Inc., 720 So.2d 214, 215 (Fla.1998), the judicial policy in favor of limited certiorari review of non-final orders is based on the fact that piecemeal review of such orders impedes the orderly administration of justice and serves only to delay and harass.
A departure from the essential requirements of law sufficient to justify certiorari review must be more than simple legal error. See Ivey v. Allstate Ins. *984 Co., 774 So.2d 679, 682 (Fla.2000). A district court should only grant certiorari review-when .there has been a violation of a clearly established principle of law resulting in a miscarriage of justice. See Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003); Malloy v. Gunster, Yoakley, Valdes-Fauli & Stewart, P.A., 850 So.2d 578, 581 (Fla. 2d DCA 2003). A district court may not review a decision under the guise of certiorari simply because it is dissatisfied with the results. Ivey, supra.
Furthermore, the inconvenience and expense of litigation after an allegedly incorrect interlocutory ruling does not constitute the kind of material harm or irreparable injury for which certiorari review is available. See, e.g., Zabawa v. Penna, 868 So.2d 1292 (Fla. 5th DCA 2004); Beverly Enterprises-Florida, Inc. v. Lane, 855 So.2d 1172, 1172-1173 (Fla. 5th DCA 2003); Royal Caribbean Cruises, Ltd. v. Sinclair, 808 So.2d 231, 232 (Fla. 3d DCA 2001), rev. denied, 823 So.2d 125 (Fla.2002).
In Smithers v. Smithers, 743 So.2d 605 (Fla. 4th DCA 1999), the court declined to grant certiorari review of an order denying bifurcation. Although agreeing the bifurcation would serve judicial economy and limit the litigants costs, the court found that there was no abuse of discretion in denying bifurcation and that the time, trouble and expense of proceeding to trial, even if error is ultimately established, was not the kind of irreparable harm that would invoke certiorari jurisdiction.-
Much of Mariner’s claim of irreparable harm is based on speculation and conjecture. In ordering bifurcation, the trial court expressly ruled that Mariner could maintain at trial that it took prudent cafe of the decedent.' Nothing in the court’s order precludes Mariner from presenting evidence regarding pest control efforts. We hold that Mariner has failed to establish entitlement to certiorari relief.
PETITION DENIED.
SHARP, W., and PALMER, JJ., concur.