923 So.2d 591 (2006)
Joan MATTHEWS and Michael Matthews, et al., Petitioners,
v.
CITY OF MAITLAND, et al., Respondents.
No. 5D05-2716.
District Court of Appeal of Florida, Fifth District.
March 24, 2006.
*592 David Smolker and Ethan J. Loeb of Bricklemyer, Smolker & Bolves, P.A., Tampa, for Petitioners.
Clifford B. Shepard of Langston, Hess, Bolton, Shepard & Augustine, P.A., Maitland, for Respondent.
THOMPSON, J.
Petitioners, Joan and Michael Matthews, Julie Scott, Susan Boucher, Patricia Williamson, David Johnson, and Anthony Ponticelli, seek certiorari review of two non-final orders of the circuit court that require disclosure of the names of persons contributing to their lawsuit against respondents, the City of Maitland, the City of Maitland City Council, and the City of Maitland Florida Community Redevelopment Agency (collectively the "City"). We conclude the orders depart from the essential requirements of law because disclosure is not relevant to an issue in question and would have a chilling effect on the litigation without adequate remedy at law. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1100 (Fla.1987); Mariner Health Care v. Griffith, 898 So.2d 982 (Fla. 5th DCA 2005). We therefore grant certiorari and quash the trial court's orders.
Petitioners filed a two-count complaint against the City to challenge a development order that authorizes construction of a seven-story, multi-use structure that is allegedly out-of-scale with the surrounding neighborhood. In count one of the complaint, petitioners sought a writ of certiorari to quash the order, arguing that the City violated their due process rights by conducting hearings to approve the order during the aftermath of Hurricane Charlie when the area was in chaos, most governmental meetings were cancelled, and they were unable to attend due to the disruption caused by the hurricane. Petitioners also claimed that the order departs from the essential requirements of law because it violates existing requirements regarding streetscaping and parking, as well as the statutory requirements for approval of development orders under section 163.3227, Florida Statutes (2004). In addition, petitioners argue that there was not competent, substantial evidence to support approval of the order. In count two of the complaint, petitioners sought declaratory and injunctive relief, claiming that no municipal ordinance or resolution governs the approval of the height of structures as tall as the one approved by the development order.
Petitioners advocate their position in a website known as ItsOurMaitland.com. Citizens contribute to the website, which also seeks monetary contributions to support the lawsuit. Petitioners deposit contributions into a fund known as the "35-Foot Fund". The contributors allegedly include professionals who wish to remain anonymous because they fear retaliation from the City. The City sought to obtain the names of the contributors to the website and the fund at the deposition of petitioner Joan Matthews. The City asked *593 her the names of those who had contributed to the website and fund, whether any of them were accountants, architects, or attorneys, whether any contributors had clients who were developers in Central Florida, and whether those developers had contributed to the fund. Her counsel objected to her answering the questions on the grounds they were irrelevant, would have a chilling effect and could subject people to retaliation and instructed her not to answer until a judge ruled on the issue.
The City then propounded interrogatories to petitioner Michael Matthews, requesting the names of persons or entities who participated in the creation of the website and whether any of those persons were ever employed by, retained by, or contracted with any development company or firm or individual engaged in development, or any engineering or architectural firm retained by anyone engaged in development. The City also asked for the names of persons or entities that paid any costs associated with the website.
In addition, the City asked for the details of the transactions of the 35-Foot Fund, and the names of persons who had participated in establishing the Fund and whether they were ever employed by a development firm or employed by a law firm, engineering firm, or consulting firm doing business with a development firm, and if so, the identity of that entity. Finally, the City asked for the names and addresses of persons or entities that made any donations to the Fund, the amount of the donation, and whether they have been employed by development firms or other professionals retained by development firms and the identity of the firms. Again, petitioners objected to the questions as irrelevant and interposed solely for purposes of harassment.
The City filed motions to compel answers to the deposition questions and the interrogatories. It did not argue in the motion to compel deposition answers that the information sought was relevant or admissible evidence, but rather claimed that there was no basis for any privilege asserted and that counsel's instruction not to answer was made in bad faith to obstruct their entitlement to a defense. In the motion to compel better answers to interrogatories, the City asserted that the website's funding and the participants' motivation was relevant and that it was entitled to discover whether the action was motivated by competing business interests.
At the hearing on the motion to compel regarding the deposition, the City argued that competing developers had an interest in the litigation and contributing accountants may work for the developers. Petitioners argued that the identity of those funding the lawsuit and whether they were competing developers was not relevant to any claim or defense pled. The trial court granted the motion to compel answers to the deposition questions, but agreed the petitioners did not have to disclose the amounts contributed. The court also granted the motion to compel better answers to interrogatories. Petitioners seek a writ of certiorari to quash the two discovery orders.
To be entitled to certiorari review of a non-final order, the petitioner must demonstrate that the trial court's order is a departure from the essential requirements of law, causing irreparable injury which cannot be adequately remedied on plenary appeal. Mariner Health Care v. Griffith, 898 So.2d 982, 983 (Fla. 5th DCA 2005) (citing Belair v. Drew, 770 So.2d 1164, 1166 (Fla.2000)). Common law certiorari is an extraordinary remedy and may not be used to circumvent the rule limiting interlocutory appeals. Id.
*594 Relying on Estate of McPherson ex rel. Liebreich v. Church of Scientology Flag Service Organization, Inc., 815 So.2d 678 (Fla. 2d DCA 2002), petitioners argue that it is a departure from the essential requirements of law to compel disclosure of the identity of contributors to an opponent's litigation fund. In McPherson, the circuit court authorized the defendant church to obtain information regarding the source of any significant contributions to fund plaintiff's wrongful death litigation. On certiorari review, the Second District quashed the order and held that the discovery would cause irreparable harm because it would create a chilling effect on future funding receipts and the disclosure of the amount received by plaintiff would allow the church to calculate how long plaintiff could last before "throwing in the towel." The Second District also concluded that the funding information sought was not reasonably calculated to lead to the discovery of admissible evidence in the wrongful death action. Likewise, the petitioners in this case contend that the identity of financial contributors was not information necessary or relevant to their claims and was sought simply to chill future funding.
The issues raised are whether: the City was afforded procedural due process; whether the development agreement was approved in violation of the essential requirements of law; whether competent, substantial evidence supported the approval; and whether the City had unbridled discretion to approve the development agreement.
Petitioners point out that in State Farm Mutual Automobile Insurance Company v. Parrish, 800 So.2d 706 (Fla. 5th DCA 2001), this court explained that certiorari is available to quash a discovery order when it is affirmatively established that such discovery is neither relevant nor likely to lead to relevant information, provided that the order causes irreparable harm. In Parrish, the trial court granted discovery it acknowledged to be irrelevant, stating that a prudent lawyer was entitled to do a little fishing on related issues that may give rise to a different cause of action. This court held that the ruling was error because it expanded the discovery rules that permit discovery of relevant material. Petitioners claim that the trial court in this case also erred by allowing discovery of matters not relevant to the subject matter of the lawsuit, but that could possibly be relevant to some future claim for tortious interference or fraud.
However, a certiorari proceeding is limited to review of the matters before the lower tribunal at the time the order to be reviewed was resolved. See, e.g., Dade County v. Marca, S.A., 326 So.2d 183 (Fla. 1976) (holding trial court correctly refused to allow supplementation of certiorari record with matters that occurred subsequently to actions on review); Agency for Health Care Admin. v. Orlando Reg'l Healthcare Sys., Inc., 617 So.2d 385 (Fla. 1st DCA 1993) (holding lower court's error can be based only on evidence presented to that tribunal).
Trial courts have broad discretion in discovery matters. See Friedman v. Heart Inst. of Port St. Lucie, Inc., 863 So.2d 189, 194 (Fla.2003). The City contends that the trial court did not abuse its discretion in entering the discovery orders, but cite only two cases that discuss in general the concept of relevancy. Watkins v. State, 121 Fla. 58, 163 So. 292 (1935); City of Miami v. New Floridian Hotel, Inc., 324 So.2d 715 (Fla. 3d DCA 1976). The funding of the lawsuit, however, is not relevant to an issue in question.
The City attempts to distinguish the McPherson decision, emphasizing that the court there declared that the information *595 was not reasonably calculated to lead to the discovery of admissible evidence in the trial of that wrongful death action. It concludes that the McPherson court clearly left open the door for discovery of information regarding third party funding when it is reasonably calculated to lead to the discovery of admissible evidence. The City again disregards the basic requirement of relevancy to the subject matter of the pending action. Rule 1.280(b)(1), Fla. R. Civ. P.
Petitioners cite Evarts v. Planning Board of the City of Somerville, 14 Mass. L.Rptr. 342, 2002 WL 532682 (Mass.Super.2002), where, on similar facts, the plaintiff was appealing the grant of a special permit and the permittee sought financial information of the non-profit organization that partially funded the appeal, including the identity of the organization's contributors. The court held that "[d]isclosure of the identities of an organization's members or contributors may have a chilling effect on the organization's contributors as well as the organization's activity." Further, it pointed out that when a litigant seeks information protected by the First Amendment, such as the right of association, the litigant must make a showing of need beyond mere relevance. The Evarts court held that the information sought did not have a sufficient nexus to the subject matter of the action and was irrelevant to the appeal of the planning board's decision. See also In re Bay Area Citizens Against Lawsuit Abuse, 982 S.W.2d 371 (Tex.1998) (holding in suit by taxpayers against nonprofit organization to restrain use of public property for private interests that organization's donor list lacked sufficient nexus to prove wrongful use of property and disclosure would burden First Amendment due to threats of political and economic reprisals); But see Conlon v. Rosa, Nos. 259907, 295932 (Mass. Land Ct.2004) (2004 WL 1627337) (holding funding agreement for plaintiff's of costs to challenge zoning decision was relevant to determine bias in bringing suit and did not violate First Amendment).
The United States Supreme Court has emphasized that the freedom to associate for the advancement of beliefs, whether pertaining to political, economic, religious or cultural matters, is an inseparable aspect of the liberty assured by the due process clause and held that the compelled disclosure of membership in an organization engaged in advocacy constitutes an interference with the right to freedom of assembly. Nat'l Ass'n for the Advancement of Colored People v. Alabama, 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958) (quashing a discovery order requiring NAACP to disclose members' names).
The City has failed to show any relevancy of the discovery to the pending issues. To allow the discovery would require the petitioners to defend against claims that may be raised but are currently unstated. The compelled disclosure of the names of citizens exercising their right to participate in the democratic process would create a chilling effect on their rights to organize and associate. The harm the petitioner seeks to avoid would arise; disclosure of contributors' identity would subject them to possible intimidation or coercion. Finally, disclosure would likely affect the petitioners' ability to raise funds. For these reasons, the petition for certiorari is GRANTED.
ORFINGER and LAWSON, JJ., concur.