958 So.2d 1045 (2007)
DEPARTMENT OF REVENUE, o/b/o T.E.P., Petitioner,
v.
Pearson PRICE, Respondent.
No. 2D06-4328.
District Court of Appeal of Florida, Second District.
June 13, 2007.
Bill McCollum, Attorney General, Tallahassee, and William H. Branch, Assistant Attorney General, Tampa, for Petitioner.
No Appearance for Respondent.
CASANUEVA, Judge.
The Department of Revenue seeks a writ of certiorari to quash a trial court order compelling Pearson Price and the mother of a minor child, T.E.P., to undergo a genetic test. The Department asserts that the trial court failed to properly follow the statutory framework governing paternity and genetic testing when it entered the order. We agree, grant the petition, and issue the writ quashing the trial court's order.
T.E.P. was born in 2001. Following the child's birth, Mr. Price signed an affidavit acknowledging his paternity of T.E.P. Some five years later, in 2006, the Department sued Mr. Price to collect child support due for T.E.P. Responding to the civil suit, Mr. Price sent a handwritten letter to the court asserting that another man, not he, was the true father of T.E.P. Additionally, the written response stated that Mr. Price would "like to take a genetic test to determine once and for all" that the child was not his.
A hearing was held on the written request. Mr. Price did not attend the hearing, nor does the record on appeal indicate that any sworn testimony or other evidence, *1046 including the written response, was presented to the trial court. Nonetheless, finding that the relevant statutes "have not kept up with the advances in science which have presented us with the ability to determine with certainty the biological paternity of a child," the trial court ordered Mr. Price, the child and the natural mother to appear for genetic testing. It is this order that the Department seeks to quash.

Standard of Review
To grant this petition for writ of certiorari, we must determine whether the trial court, by issuing the order requiring genetic testing, "departed from the essential requirements of the law." Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995); Malloy v. Gunster, Yoakley, Valdes-Fauli & Stewart, P.A., 850 So.2d 578, 581 (Fla. 2d DCA 2003). To warrant relief, the departure must be so serious and "so erroneous that justice requires that it be corrected." Haines City, 658 So.2d at 531 (quoting Combs v. State, 436 So.2d 93, 95 (Fla.1983)). A violation of "clearly established law" can come from "controlling case law, rules of court, statutes, and constitutional law." Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 890 (Fla.2003).

Serious Departure from the Requirements of Law
Florida favors a strong "public policy that in a case [contesting paternity], DNA tests to establish that a man other than the legal father of a child is the biological father will not be ordered unless the court determines that it is in the best interest of the child." Callahan v. Dep't of Revenue ex rel. Roberts, 800 So.2d 679, 680 (Fla. 5th DCA 2001). Under section 742.10(1), Florida Statutes (2006), out-of-wedlock paternity can be established through a number of methods, including a voluntarily signed and notarized acknowledgment by the father. The father then has sixty days to challenge the paternity. Upon expiration of the sixty-day period, the paternity may be challenged only for fraud, duress, or material mistake of fact. § 742.10(4). To disestablish paternity, a contesting father must file a petition with the court and follow the requirements enunciated in section 742.18(1). The court may not set aside paternity if the "father" signed a paternity acknowledgment form unless the court determines that all factors listed in section 742.18(2) existed.
Although Mr. Price signed an affidavit in conformance with the statutory acknowledgment of paternity provisions, he did not follow the statutory framework to properly challenge the prior determination of paternity. Additionally, at the hearing, no evidence, in any form, was presented to sustain Mr. Price's judicial requests and absolutely nothing was presented that would excuse his failure to comply with duly enacted statutes. Therefore, we conclude the order departs from the essential requirements of law and the departure was so serious as to support the issuance of the writ.

Conclusion
Because this error cannot be corrected through a direct appeal, for the improper genetic testing requiring a blood draw would have already been completed, the error must be corrected through certiorari proceedings. See State v. Bjorkland, 924 So.2d 971, 975 (Fla. 2d DCA 2006). Pursuant to our constitutional authority to issue a writ of certiorari, Art. V, § 4(3), Fla. Const., we grant the petition, issue the writ, quash the order on review, and remand for further proceedings.
SALCINES, J., Concurs.
VILLANTI, J., Concurs specially.
*1047 VILLANTI, Judge, Specially concurring.
I concur in the majority holding but write to emphasize that, while the trial court may have believed that "[t]he Statutes have not kept up with the advances in science[,]" the trial court was still obligated to follow those duly enacted statutes. Mr. Price did not contest that he signed a voluntary acknowledgement of paternity more than sixty days before filing his answer in this collection action which purportedly sought to challenge his paternity. As a result, under section 742.10(4), Mr. Price's acknowledgement constituted "an establishment of paternity and may be challenged in court only on the basis of fraud, duress, or material mistake of fact." Mr. Price alleged none of these bases in his answer. Further, section 742.12 only authorizes the trial court to order DNA testing "[i]n any proceeding to establish paternity." Because paternity had previously been established and Mr. Price did not properly bring a proceeding to challenge that establishment of paternity, the law suit below did not involve an action to establish paternity. Under these facts, the trial court did not have authority to order DNA testing. Consequently, the trial court departed from the essential requirements of law when it ordered DNA testing. I note that our holding does not in any way preclude Mr. Price from challenging his paternity by following all statutory requirements in the future.