# Third District Court of Appeal

## State of Florida

Opinion filed December 13, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2057
Lower Tribunal No. 22-2893

_____

**Massiel Y. Sadeh,**
Appellant,

vs.

**Drusso Calenzani,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Samantha Ruiz Cohen, Judge.

Massiel Y. Sadeh, in proper person.

Davis Smith & Jean, LLC, and Sonja A. Jean and Laura Davis Smith, for appellee.

Before LOGUE, C.J., and FERNANDEZ and LOBREE, JJ.

LOGUE, C.J.

Massiel Y. Sadeh ("Mother") is appealing an order granting Drusso

Calenzani's ("Father") Supplemental Petition for Modification of Child

Support, which modified the amount of child support the Mother was required to pay the Father. The Mother, proceeding pro se below and on appeal, challenges the trial court's imputation of income to her and its determination that the minor child did not spend any overnights with the Mother. Because we cannot conclude on this record that the trial court abused its discretion, we affirm.

A trial court's award of child support is reviewed for abuse of discretion. Apesteguy v. Keglevich, 319 So. 3d 150, 154 (Fla. 3d DCA 2021). "Generally, sufficient factual findings should be included in the final judgment regarding child support and alimony awards. Specifically, as to imputation of income, if the trial court does not include specific findings in the final judgment, the record must reveal competent, substantial evidence to support the trial court's decision." Freilich v. Freilich, 897 So. 2d 537, 542–43 (Fla. 5th DCA 2005).

Here, although the trial court did not include specific findings as to the imputation of income in its order on the Father's Supplemental Petition for Modification of Child Support, the trial court did find that the Mother had not filed an updated financial affidavit since 2019, and that the Mother had failed to provide any evidence to support her testimony that she had overnights

with the minor child this year. The record on appeal otherwise does not contain transcripts of the hearing.

Nevertheless, on appeal the Mother does not dispute that she has not filed an updated financial affidavit, and she does not directly address whether she provided evidence to support her testimony that she had overnights with the minor child. Instead, the Mother attempts to provide this Court with evidence in the form of attachments to her Initial Brief, which do not appear to be included in the record on appeal. This Court cannot consider such evidence in the first instance. See Hughes v. Enter. Leasing Co., 831 So. 2d 1240, 1240 (Fla. 1st DCA 2002) (stating that documents attached to a brief that are not in the record cannot be reviewed by an appellate court on appeal).

Accordingly, we are constrained to affirm the trial court's order because the record brought forward by the Mother is inadequate to demonstrate reversible error. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without knowing the factual context, . . . an appellate court [cannot] reasonably conclude that the trial judge so misconceived the law as to require reversal.").

Affirmed.