714 So.2d 1203 (1998)
REPUBLIC MEDIA, INC., Appellant,
v.
DEPARTMENT OF TRANSPORTATION, STATE OF FLORIDA, Appellee.
No. 971709.
District Court of Appeal of Florida, Fifth District.
August 7, 1998.
David H. Simmons, Stephen J. Jacobs and Michael R. Ansay of Drage, de Beaubien, Knight, Simmons, Romano & Neal, Orlando, for Appellant.
Pamela S. Leslie, General Counsel, and Gregory G. Costas, Assistant General Counsel, Department of Transportation, Tallahassee, for Appellee.
W. SHARP, Judge.
Republic Media, Inc. appeals from a final administrative order of the Florida Department *1204 of Transportation (FDOT), which denied its application for a permit to place an advertising sign on Smith Street in Orlando, Florida, adjacent to the eastbound lanes of I-4. The FDOT gave as its reason for the denial the fact that there was another permitted advertising sign on the same side of I-4, a poster panel owned by POA Acquisition, Inc. for which a permit had been issued in 1990, which was closer to Republic's proposed sign than the 1,500 feet required by section 479.07(9)(a)1, Florida Statutes. It provides:
(9)(a) A permit shall not be granted for any sign ... unless such sign is located at least:
1. One thousand five hundred feet from any other permitted sign on the same side of the highway, if on an interstate highway.
For various reasons, Republic argues POA's poster sign should not be considered a sign for purpose of section 479.07(9)(a)1, as it did not require a permit in 1990 from FDOT. Thus it should not prevent Republic from obtaining a permit for its sign. We affirm.
Republic's proposed sign is a double-faced, V-shaped billboard, designed and intended to present advertising messages to traffic traveling on I-4, near the Princeton overpass. In contrast, POA's sign is designed to present an advertising message to traffic on Princeton Street. It is parallel to I-4 and perpendicular to Princeton. At 12 × 25 feet wide and 32 feet high, it is smaller than Republic's proposed sign. Republic points out that the poster sign is difficult to read from I-4 because of its size, and because of its placement. It is only visible very briefly to travelers going east on I-4. In order to read the sign, travelers would have to turn their heads to comprehend the message. However, Republic does concede the poster sign can be seen from I-4.
The administrative law judge found that the intent of an advertiser that a sign be directed to and read by traffic on a particular roadway is not determinative of whether a structure meets the statutory definition of a sign, and requires a permit. The judge's order was adopted by FDOT. Republic argues section 479.07(9)(a)1. mandates a contrary result. It argues that a permit can be required only for a sign "on" an interstate highway, which arguably the poster sign is not.
Republic's view is supported by Hancock Advertising, Inc. v. Florida Department of Transportation, 549 So.2d 1086 (Fla. 3d DCA 1989). That case involved a sign located at an intersection of an interstate highway and an expressway. The advertising message was directed at traffic on the expressway, although it was visible from the interstate, albeit drivers would have to turn their heads to read the message. The court held that the sign was not "on" the interstate and thus no permit from FDOT was needed for that sign.
However, Hancock was decided when the 1987 version of section 479.07 was controlling. It contained no definition of "on." The statute was amended in 1991 by including the following language:
For purposes of this section, "on any portion of the State Highway System, interstate, or federal-aid primary system "shall mean a sign located within the controlled area which is visible from any portion of the main-traveled way of such system. (emphasis added)
479.07, Fla. Stat. (1987).
For appellate purposes, we must apply the current statutory law,[1] even if we agreed with Hancock. The amended language clearly eliminates any continued reliance on the element of intent of the advertiser in these permit cases.
Republic further argues that the poster is not a sign based on the definition of a sign by section 479.01(17), which provides:
[A]ny combination of structure and message in the form of an outdoor sign ... designed, intended or used to advertise or inform any part of the advertising message or informative contents of which is visible from any place on the main-traveled way.... (emphasis added). *1205 Republic equates "visible" with readable. However, section 479.01(26) defines "visible sign" as meaning:
[T]he advertising message or informative contents of a sign, whether or not legible, is capable of being seen without visual aid by a person of normal visual acuity. (emphasis added)
We affirm FDOT's interpretation of the statutes. The distance requirement in section 479.07(9)(a) is related to the structures themselves, not the readability of the advertising message. This broader interpretation is consistent with the Legislature's intent to reduce visual clutter along the highways, whether it can be read in full or not.
Further, an agency is afforded wide discretion in the interpretation of a statute which it is given the power and duty to administer. Its construction of the statute will not be overturned on appeal unless it is clearly erroneous. Atlantic Outdoor Advertising v. Florida Department of Transportation, 518 So.2d 384, 386 (Fla. 1st DCA 1987). A reviewing court must defer to any statutory interpretation by an agency which is within the range of possible and reasonable. Natelson v. Department of Insurance, 454 So.2d 31 (Fla. 1st DCA 1984). We conclude FDOT's interpretation of this statute is well within this range.
AFFIRMED.
PETERSON and THOMPSON, JJ., concur.
NOTES
[1] Lowe v. Price, 437 So.2d 142 (Fla.1983); Cutler v. Pelletier, 507 So.2d 676 (Fla. 4th DCA 1987). The effective date of this chapter is October 1, 1984.