ANTOON, C.J.
In this appeal, Nancy Velez challenges a formal opinion rendered by Florida’s Commission on Ethics (Commission). Ms. Velez is a full-time employee of the Hernando County Health Department (Health Department), working as a sanitation and safety specialist. She is also self-employed on a part-time basis as a certified water operator, consulting with local water systems regarding compliance with Department of Environmental Protection (DEP) regulations. The question before the Commission was whether Ms. Velez’s part-time employment constituted a prohibited conflict of interest under section 112.313(7)(a), Florida Statutes (1997). The Commission answered the question in the affirmative. In reviewing Ms. Velez’s challenge to this decision, this court must recognize “that an agency is afforded wide discretion in the interpretation of a statute which it is given the power and duty to administer. Its construction of the statute will not be overturned on appeal unless it is clearly erroneous.” Republic Media, Inc., v. Department of Transportation, 714 So.2d 1203, 1205 (Fla. 5th DCA 1998). As a reviewing court we “must defer to any statutory interpretation by an agency which is within the range of possible and reasonable.” Id. Applying this standard of review, we affirm the decision rendered by the Commission.
In her part-time employment as a certified water operator, Ms. Velez provides a variety of services to her clients. She maintains her clients’ water systems, ensuring that the systems are in compliance with DEP rules.and regulations, she answers her clients’ questions, and she completes and submits required paperwork, including laboratory reports regarding water samples. She describes her role as that of a liaison between her clients and DEP, adding that the collection and analysis of water samples is “a small part of the services she provide[s] her clients.”
The Health Department advised the Commission that it had no objection to the fact that Ms. Velez was providing professional advice to her clients regarding DEP rules and regulations. However, the Health Department did object to Ms. Velez’s water sampling services, contending that by providing such services she was competing with the Health Department’s microbiological laboratory which provides the same water sampling services.
After conducting a hearing during which Ms. Velez and a representative of the Health Department testified, the Commission issued its opinion. The Commission determined that Ms. Velez’s part-time employment constituted a conflict of interest prohibited under the second part of section 112.313(7)(a), Florida Statutes (1997). That section provides:
112.313 Standards of conduct for public officers, employees of agencies, and local government attorneys.—
[[Image here]]
(7) CONFLICTING EMPLOYMENT OR CONTRACTUAL ■ RELATIONSHIP.—
(a) No public officer or employee of an agency shall have or hold any employment or contractual relationship with any business entity or any agency which is subject to the regulation of, or is doing business with, an agency of which he or she is an officer or employee, ... *688 nor shall an officer or employee of an agency have or hold any employment or contractual relationship that will create a continuing or frequently recurring conflict between his or her private interests and the performance of his or her public duties or that would impede the full and faithful discharge of his or her public duties.
(Emphasis added). In reaching its conclusion, the Commission reasoned that “competing with her agency to provide the same service creates a continuing or frequently recurring conflict between her interests and those of the health department.” The Commission explained that “for a public employee to benefit privately from a situation in which her agency could participate officially suggests the possibility of, or potentiality for, an employee diverting agency-related business to herself for private gain.”
Ms. Velez contends that the Commission applied the wrong standard, arguing that the Commission erred in basing its conclusion on the finding that her outside employment constituted a continuing or frequently recurring conflict between her private interests and “the interests of her employer.” She attempts to distinguish this standard from the statutory language which states that a prohibited conflict of interest exists when an employee’s outside employment creates a continuing or frequently recurring conflict between her private interests and the “performance of [her] public duties.” She maintains that if the correct standard had been applied then no conflict of interest would have been found because in performing her public duties with the Health Department she did not provide water sampling services, and she was not in a position where she could refer business to herself.
Review of the statutory language reveals that in deciding whether a prohibited conflict of interest exists the Commission must determine whether a public employee’s outside employment (1) creates a conflict between the employee’s private interest and the performance of her public duties, or (2) impedes the employee’s full and faithful discharge of her public duties. In its formal opinion, the Commission stated that Ms. Velez’s outside employment creates a continuing or frequently recurring conflict between her private interests and the interests of her employer thereby referring to the second prong of the statutory analysis which relates to the existence of an impediment to the employee’s full and faithful discharge of her public duty. Thus, Ms. Velez’s claim of error lacks merit.
The Commission determined that Ms. Velez’s outside employment is incompatible with the Health Department’s interest in operating its microbiological laboratory. The Commission concluded that by engaging in a private enterprise which included water sampling services Ms. Velez was competing with her employer and thus a prohibited conflict of interest existed. This interpretation “is within the range of possible and reasonable.” Republic Media, Inc., 714 So.2d at 1205. Accordingly, we affirm.
AFFIRMED.
COBB and PETERSON, JJ., concur.