KLEIN, J.
Appellant is an attorney who served on the city council of Wilton Manors from 1998 until 2002. She appeals an order of the Commission on Ethics which found that she violated the ethics statute governing conflicts of interest by elected public officials. The proceedings addressed two cases in which she represented clients against the city while on the council. In the first case, Glasser, the commission recommended a $1,000 fine, and a public censure and reprimand. In the second case, Fanizza, the commission recommended a $2,000 fine and a public censure and reprimand. We reverse.
The cases, which were not related, were considered by the commission on facts which were entirely stipulated. The commission found separate violations resulting from each case, but resolved them together in one order.

GLASSER CASE

In Glasser appellant had represented nine residents opposing a rezoning request which was granted by the city council *25 more than two years before appellant was elected to the council. Appellant filed a petition for certiorari in the circuit court seeking to quash the rezoning. The city confessed error and the circuit court granted the petition. Appellant then filed in circuit court a motion for attorney’s fees and costs which was granted, and the city appealed that award to this court. It was during the appeal of the order awarding attorney’s fees and costs, and after all of the briefs were filed, that appellant took office, in March 1998.
After her election this court affirmed and awarded appellate attorney’s fees. Appellant then filed a motion in circuit court to set the amount of appellate costs and attorney’s fees, and to compel the city to pay the attorney’s fees already awarded. After the city attorney sent a memorandum to the mayor and council members to bring them up to date, the matter came before the council in June 1998. Appellant filed the proper form indicating a conflict of interest and was not involved. A few weeks later an agreed order was entered by the circuit court setting the amount of appellate costs and attorney’s fees.
This proceeding, as well as the Fanizza matter, came about as a result of complaints filed against appellant by citizens. The commission found separate ethical violations for each case, based on section 112.313(7), Florida Statutes (2002), which provides:
No public officer or employee of any agency shall have or hold any employment or contractual relationship with any business entity or any agency which is subject to the regulation of, or is doing business with, an agency of which he or she is an officer or employee ...; nor shall an officer or employee of an agency have or hold any employment or contractual relationship that will create a continuing or frequently recurring conflict between his or her private interest and the performance of his or her public duties or that would impede the full and faithful discharge of his or her public duties. [e.s.]
After acknowledging that “conflict” or “conflict of interest” is defined by section 112.312(8) to mean “a situation in which regard for a private interest tends to lead to disregard of a public duty or interest,” the commission went on to state:
Regarding the Glasser case and the Fanizza case, we find, based on clear and convincing evidence, that Respondent held a contractual relationship with her clients (private litigants suing the City and adverse to the position of Respondent’s public agency), notwithstanding that she did not receive monetary remuneration for her services in the Fanizza case. While we have in a number of instances found that a public official did not hold a contractual relationship in situations in [sic] which he or she was not paid or otherwise compensated, it our view of the statute, long held and often stated, that a public official holds a contractual relationship with all clients of his or her law firm or practice, recognizing, as do courts, the special and professional connections between attorneys and their clients ...
[[Image here]]
Further, we find, based on clear and convincing evidence, that Respondent’s contractual relationships with her private clients in the Glasser and Fanizza cases created a continuing or frequently recurring conflict between her private interest as an attorney representing private litigants adverse to her public agency and its governmental decisions and the performance of her public duties as a member of the governing body of her public agency, and that the contractual relationship impeded the full and faithful *26 discharge of her public duties. Not only was the City deprived of the services of one of its governing board members (“wearing her public/Council hat”) by virtue of her private entanglements occasioned by her representation of parties against her City, but she (“wearing her private lawyer hat”) and her private clients had the benefit of her intimate knowledge of many of the workings of her public agency regarding the very matter in which she was acting as a private partisan. Plainly, it is difficult for us to conceive of a situation more fraught with the inability of a public official to serve two masters ... than the instant matter....
We begin our analysis by noting that our legislature recognized, in section 112.311, that the conflict of interest standards applicable to elected officials should not be so restrictive as to discourage those most qualified to serve from seeking office. The statute states, in part:
(1) It is essential to the proper conduct and operation of government that public officials be independent and impartial and that public office not be used for private gain other than the remuneration provided by law. The public interest, therefore, requires that the law protect against any conflict of interest and establish standards for the conduct of elected officials and government employees in situations where conflicts may exist.
(2) It is also essential that government attract those citizens best qualified to serve. Thus, the law against conflict of interest must be so designed as not to impede unreasonably or unnecessarily the recruitment and retention by government of those best qualified to serve. Public officials should not be denied the opportunity, available to all other citizens, to acquire and retain private economic interests except when conflicts with the responsibility of such officials to the public cannot be avoided.
[[Image here]]
(4) It is the intent of this act to implement these objectives of protecting the integrity of government and of facilitating the recruitment and retention of qualified personnel by prescribing restrictions against conflicts of interest without creating unnecessary barriers to public service.
In the Glasser case the appellant undertook the representation of her clients more than two years before her election to the city council, and what remained in the litigation, after her election, was the ruling on the city’s pending appeal of the order awarding her attorney’s fees, which was affirmed without opinion. Appellant’s involvement in the litigation, after her election, resulted in her having to abstain from only one item on the agenda, at only one meeting of the council.
Our standard of review, where the facts are not in dispute and the administrative agency is interpreting the law, is to determine if the agency “has erroneously interpreted a provision of law.” § 120.68(7)(d), Fla. Stat. (2002). We agree with appellant that the commission erroneously interpreted section 112.313(7).
Appellant’s representation in the Glasser case, to resolve the attorney’s fees and costs, after her election, did not create a “continuing or frequently recurring conflict” or one which would “impede the full and faithful discharge of’ her public duties. We cannot agree with the commission that there is any similarity between this ease and Velez v. Commission on Ethics, 739 So.2d 686 (Fla. 5th DCA 1999), in which a full time employee of the city health department had a part-time job consulting with a local private water system *27 regarding compliance with environmental regulations. Unlike the present case, Velez involved an ongoing conflict. The commission has not cited any cases which would support a finding that appellant’s involvement in Glasser violated the statute. It is worth noting that even if appellant had withdrawn as counsel in Glasser, and pursued her fees by retaining other counsel, appellant would still have had the conflict which required her to abstain when the matter came before the counsel.

FANIZZA CASE

In the second case, while appellant was on the city council, the council granted a special exception to allow townhouses in a single family zoning district by a four-to-one vote, with appellant dissenting. After that meeting, several of the property owners opposing the change asked appellant to represent them in a certiorari petition to the circuit court. Appellant agreed and named herself as a party, as well as the others, because she lived in the same zoning district that was affected by the vote. Appellant did not charge these clients a fee.
She then filed a petition for writ of certiorari in the circuit court and requested attorney’s fees under section 57.105, Florida Statutes (2001), on the ground that there was no justiciable issue of law in light of the city attorney’s opinion that the council should not have allowed the rezoning. The city moved to dismiss the petition, which was denied, and appellant then wrote a letter to the attorney representing the city, stating that she and the other litigants would waive attorney’s fees and costs if the city would rescind the rezoning. The council, in a private session not attended by appellant, considered the offer but did not resolve the case.
The circuit court then granted the petition for certiorari, finding that the city failed to observe the essential requirements of law and due process. The court also found that the appellant did not have standing to be a party because she did not live close enough to the rezoned property. The court denied the request for attorney’s fees. The city did not appeal.
Appellant then filed a motion to tax costs, and appellant and the attorney representing the city agreed on $500 for costs, which did not have to go before the council. These costs were paid and reimbursed to the plaintiffs who had advanced the costs. Appellant received no attorney’s fees, and she has stated that she never intended to seek fees for herself; she intended to use the possibility of a fee award against the city as only a bargaining tool for settlement.
The commission, as we said earlier, found the same violation of section 112.313(7), in the order quoted above.
This case is more troubling than Glas-ser, because in Glasser appellant filed the petition for certiorari against the city about two years before she was elected, and very little remained after her election. In this- case she was a member of the council, and had voted on the matter, before she filed the petition for certiorari. As a lawyer, appellant should have known better.[1]
We have concluded, however, that appellant’s involvement in the Fanizza case did not violate the statutory conflict *28 of interest standards for public officials. Although appellant filed the petition for certiorari while she was a member of the council, her involvement in the litigation did not create a “continuing or frequently recurring conflict,” nor did it “impede the full and faithful discharge” of appellant’s public duties. All that this stipulated record shows is that the appellant, as a result of the conflict, was unable to attend one private session at which the city council and its lawyer discussed resolving the petition for certiorari. Although the conflict in this case appears greater than the conflict in Glasser, where the case against the city was filed more than two years before appellant was elected, this case did not actually require her to miss any portion of even one public meeting.
We reverse the final order of the commission in respect to both violations.

Reversed.

WARNER, J., and BAILEY, JENNIFER D., Associate Judge, concur.

. R. Regulating Fla. Bar 4-1.11(a) provides:
Representation of Private Client by Former Public Officer or Employee. A lawyer shall not represent a private client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency consents after consultation.