ROTHENBERG, J.
C.D. appeals a final order issued by the Agency for Persons with Disabilities (“the Agency”) denying her application to participate in the Developmental Disabilities Home and Community Based Medicaid Waiver Program (“the Program”). Because C.D. failed to meet her burden of demonstrating that she suffers from a developmental disability, we affirm.
On May 17, 2010, C.D. filed an application with the Agency for enrollment in the Program. In response, the Agency informed C.D. that she did not meet the criteria for enrollment in the Program based on her failure to demonstrate a developmental disability as defined in section 393.063, Florida Statutes (2011). C.D. filed a timely request to dispute the Agency’s decision, and her claim was referred to the Department of Children and Families for a formal hearing.
The sole evidence presented by C.D. at the hearing was the testimony of C.D.’s father. However, pursuant to C.D.’s request, the hearing officer left the record open for fifteen days to allow C.D. to submit additional evidence. Approximately two weeks later, when the assigned hearing officer received no additional evidence, the record was officially closed. Thereafter, the hearing officer issued a recommended order in support of C.D.’s application.
After receiving the hearing officer’s recommended order, the Agency filed exceptions challenging the order pursuant to Rule 28-106.217(1), Florida Administrative Code. After a complete review of the record, the Agency determined that the hearing officer’s findings of fact were not supported by competent substantial evidence and it therefore rejected the hearing officer’s recommendation in accordance with section 120.57(3), Florida Statutes (2011). Thereafter, the Agency issued a final order denying C.D.’s application for enrollment in the Program “without prejudice to petitioner’s right to submit another application in the future.” C.D.’s timely appeal before this Court followed.
On appeal, C.D. contends the Agency erred by determining that she failed to demonstrate a developmental disability under section 393.063. We disagree.
An agency’s conclusions of law are reviewed de novo, Parlato v. Secret Oaks Owners Ass’n, 793 So.2d 1158, 1162 (Fla. 1st DCA 2001), however, “[a]n agency’s interpretation of the statute it is charged with enforcing is entitled to great deference.” Verizon Fla., Inc. v. Jacobs, 810 So.2d 906, 908 (Fla.2002).
To participate in the Program, an applicant must demonstrate that he or she has a developmental disability as strictly defined by Florida law. A “developmental disability” is defined under section 393.063(9), as a “disorder or syndrome that is attributable to retardation, cerebral palsy, autism, spina bifida, or Prader-Willi syndrome; that manifests before the age of 18; and that constitutes a substantial handicap that can reasonably be expected to continue indefinitely.” In order to demonstrate the presence of a developmental disability for the purposes of section *385 893.063, an applicant must submit an official evaluation performed by a licensed psychologist confirming the finding of a disability, using the specific testing methods prescribed by Florida’s Administrative Code. See Fla. Admin. Code. R. 65G-4.012(1) (“For the purposes of Chapters 393 and 916, F.S., the Stanford-Binet Intelligence Scale or Wechsler Adult & Infant Intelligence Scale, administered by or under the direct supervision of a psychologist or school psychologist licensed under Chapter 490, F.S., shall be used to determine mental retardation and the level of intellectual functioning.”). During an administrative hearing, the petitioner has the burden of showing by a preponderance of the evidence that he or she has met the requirements for participation in the Program under section 393.063. See Fla. Admin. Code R. 65-2.060(1). Importantly, hearsay evidence by itself is insufficient to support a finding of fact in an administrative hearing, unless it would be admissible over objection in civil actions. See § 120.57(1)(c), Fla. Stat. (2011).
During the formal hearing, C.D. failed to introduce any competent evidence of a developmental disability as defined by section 393.063(9). C.D. offered the testimony of her father. However, his opinions and observations of C.D.’s mental condition alone do not satisfy her burden of proof. The only psychological evaluation of C.D. introduced into evidence was that of the Agency’s witness, Dr. Garcia. Dr. Garcia’s evaluation did not, however, provide C.D. with the proof she needed because: (1) he failed to utilize a testing method recognized by Rule 65G-4.012; and (2) in his evaluation he did not find that C.D. suffers from a qualified developmental disability.
Although the hearing officer’s recommended order references two other psychological evaluations supporting a diagnosis of a developmental disability, the officer’s consideration of these evaluations was improper because: (1) neither expert testified at the hearing; (2) C.D. did not introduce the evaluations into evidence; and (3) neither of the testing methods utilized in the evaluations conforms to the required specifications of Rule 65G-4.012. On appeal, C.D. has attached these evaluations and asks this Court to take judicial notice of the findings contained in them. However, because these evaluations were not introduced below and are not contained in the record on appeal, we must reject her invitation. See Hughes v. Enter. Leasing Co., 831 So.2d 1240, 1240 (Fla. 1st DCA 2002) (“As it is not part of the record but merely attached to the ap-pellee’s brief, the Court cannot review the document on appeal.”).
Because the record reflects that C.D. failed to meet her burden of establishing that she suffers from a developmental disability under Florida law, we affirm the Agency’s determination finding C.D. ineligible to participate in the Program.
Affirmed.