# Third District Court of Appeal

**State of Florida**

Opinion filed September 3, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D12-3059
Lower Tribunal No. 12-1
_____

**Louis Brennan,**
Appellant,

vs.

**City of Miami,**
Appellee.


On Appeal from the State of Florida, Public Employees Relations Commission.

Sheppard, White & Kachergus, P.A. (Jacksonville), and Wm. J. Sheppard, Elizabeth L. White, Matthew R. Kachergus and Bryan E. DeMaggio, for appellant.

Victoria Méndez, City Attorney, and John A. Greco, Janeen L. Richard and Casey P. Cohen, Assistant City Attorneys., for appellee.

Before ROTHENBERG, EMAS and FERNANDEZ, JJ.

FERNANDEZ, J.

Louis Brennan appeals a final order from the Public Employees Relations

Commission in which the Commission concluded that appellee City of Miami did

not violate chapter 295, Florida Statutes (2012), when it failed to afford Brennan a veterans' preference in promotion and dismissed Brennan's complaint. We disagree with this conclusion because Brennan's failure to submit documentation to the City of his active duty during wartime did not preclude his entitlement to a lieutenant's promotional preference, pursuant to section 295.09, Florida Statutes (2012), and rule 55A-7.0111, Florida Administrative Code. Accordingly, we reverse and remand.

*Factual Background*

Brennan is a firefighter employed with the City since 1999. He is a former United States Marine Reservist who participated in military training for which he received a DD-214.[1] He included this document in his initial employment application with the City.

Brennan returned to active duty in 2003. He resumed City employment at the conclusion of his military service for which he received a second DD-214. He submitted this document to the City when he returned to work. In 2004, the City gave Brennan a certificate of appreciation for his military service.

In 2008, Brennan applied for a promotional position of Fire Lieutenant with the City. The Register Announcement that established the minimum requirements

---

[1] DD-214 is a document the United States Department of Defense issues following discharge from military service.

for the fire lieutenant position listed, in relevant part, the "Veteran's Preference

Documentation" as follows:

> All DD-214's or military discharge papers, or equivalent certification from the U.S. Department of Veteran's Affairs, which lists the military status, dates of service, discharge type, and, if applicable, the combat campaign or expedition for which a campaign or expeditionary medal was authorized.
>
> . . . .
>
> If an applicant claims veteran's preference, he or she must indicate this on the application form, and all required documentation in accordance with Florida Statute Section 295 and Florida Administrative Code 55A-7.013, must be submitted with the application by the closing date.

The City's application for employment contained the following statement:

> YOU MUST SUBMIT A LEGIBLE FORM DD-214 AND OTHER RELEVANT DOCUMENTS CONCERNING ELIGIBILITY FOR VETERAN'S PREFERENCE. VETERAN'S PREFERENCE WILL BE AWARDED ONLY IF YOU SUBMIT, WITH YOUR APPLICATION, A LEGIBLE FORM DD-214 AND / OR PROOF OF A SERVICE-CONNECTED DISABILITY FROM A STATE APPROVED AUTHORITY THAT IS LESS THAN ONE YEAR OLD.

Brennan timely submitted his application to the City's Employment Office. On his application, he checked a box that indicated that he served on active military duty during wartime. He did not submit the DD-214 or any other documents to claim a preference. At the time of his submission, the employment

3

office advised him that he had to submit a DD-214 in support of his employment application. Brennan, however, could not locate his DD-214. He then went to the records division of the City's Human Resources Department and requested a copy of his DD-214. The Human Resources Department provided him with his 1997 DD-214, which he submitted to the City. At that time, Brennan asked if he needed to provide any additional documentation, and the employment office advised that he did not.

The testing and validation specialist responsible for screening applications for the fire lieutenant exam subsequently advised Brennan that he was not eligible for preference because he only submitted his 1997 DD-214 with his application, which reflected service for training only.[2] Brennan did not receive the five additional points for veterans' preference.

Brennan passed the qualifying examination. He later learned that he had not received any veterans' preference points.

### a. Proceedings before the Department of Veterans Affairs

Brennan filed a complaint with the Department of Veterans Affairs in which he contested his failure to receive five extra points on the fire lieutenant's exam.[3] The department found his complaint invalid because he had not appended

---

[2] Brennan's service during 2003, as documented in the DD-214 issued subsequent to that service, qualified him for additional preference based on his wartime service.

4

the 2003 DD-214 to the application in which he claimed veterans' preference. The department also concluded that the complaint was premature because everyone who had been promoted at the time had a higher score than Brennan would have had if he had been given the five extra points.

Brennan filed a second complaint with the department. He asserted that he would have been promoted to lieutenant had he been awarded veterans' preference points. The department issued its decision, finding Brennan had a valid complaint, and concluding that, because the 2003 DD-214 was in the City's personnel files, the City should have informed Brennan that his 2003 DD-214 was missing, such that Brennan could remedy the problem.

### a. Proceedings before the Florida Public Employees Relations Commission

Brennan consequently filed a veterans' preference complaint with the Commission in which he alleged that the City erroneously denied him veterans' preference points in promotion. The hearing officer disagreed with the department's decision and issued a recommended order following a hearing, concluding that Brennan was not entitled to a veterans' preference because he did not submit the proper documentation with his application. Brennan filed

---

[3] Brennan also filed a grievance pursuant to the collective bargaining agreement in which he challenged his placement on the Eligibility Roster. The grievance was settled, whereby the City and the Union agreed to abide by the final decision of the Department of Veterans Affairs.

5

exceptions to the hearing officer's recommended order, to which the City responded.

The Commission ultimately denied all of Brennan's exceptions. The Commission rejected Brennan's claim that the Commission's hearing officer should have deferred to the findings of the department's investigator, who found that the City's Human Resources Department was obligated to contact him and provide him an opportunity to supply his missing 2003 DD-214. The Commission reasoned that its review of investigators' findings is de novo, and the review should not be controlled by their findings and conclusions, both factual and legal.

The Commission also rejected Brennan's claim that Florida Administrative Code Rule 55A-7.013, which provides that the applicant claiming preference is responsible for providing supporting documentation, solely applies to original appointment and retention, and not to promotion. Brennan argued that the only statute addressing promotion, section 295, Florida Statutes (2012), and the only accompanying Department of Veterans Affairs regulation, Florida Administrative Code Rule 55A-7.0111, do not require veterans to confirm their eligibility with documentation. The Commission disagreed, stating, "[t]he Commission has consistently placed the responsibility for documentation set forth in rule 55A-7.013 to all claims for a veteran's preference, initial appointments, and promotions alike." Additionally, the Commission accorded "great deference" to the

6

Department of Veterans Affairs' interpretation of rule 55A-7013 as applying to promotional preference.

The Commission further rejected Brennan's argument that the Department of Veterans Affairs did not have the authority to make rules that related to veterans' preference in promotion, asserting that the Commission was not the proper venue to contest the Department of Veterans Affairs' rulemaking authority.

The Commission denied Brennan's exception that challenged the hearing officer's failure to make additional findings of fact. The Commission explained that Brennan did not cite to the record in support of the findings he sought to include, and these additional findings were unnecessary to resolve the case.

The Commission next rejected Brennan's claim that the testing and validation specialist had actual or constructive knowledge of Brennan's active wartime duty when she failed to afford him preference points. The Commission concluded that substantial evidence in the record supported the hearing officer's contrary finding. The Commission rejected Brennan's contention that the City's receipt of the 2003 DD-214 contained in Brennan's personnel file and the certificate of appreciation Brennan received imputed knowledge of Brennan's wartime duty. The Commission stated:

> Holding a large municipal employer responsible for knowledge of the existence of all DD-214s in its personnel records and affording preference to veterans accordingly is not only clearly contrary to rule 55A-7.013(2)'s explicit

7

designation of the veteran as the party responsible for supplying the necessary documentation for any claimed preference at the time of making application, but it is also patently unreasonable.

The Commission further dismissed as moot the issue of whether Brennan should have been appointed lieutenant had he been awarded preference points because he was not entitled to points due to his failure to provide the 2003 DD-214.

### *Standard of Review*

This Court reviews an agency's statutory interpretation de novo. See Sullivan v. Fla. Dep't of Envtl. Prot., 890 So. 2d 417, 420 (Fla. 1st DCA 2004). The record is reviewed to determine whether competent and substantial evidence supports an administrative agency's decision. § 120.68, Fla. Stat. (2012). See also Braddock v. Sch. Bd. of Nassau Cnty., 455 So. 2d 394, 396 (Fla. 1st DCA 1984). Administrative agencies are "afforded wide discretion in the interpretation of a statute which it is given the power and duty to administer." Republic Media, Inc. v. Dep't of Transp., 714 So. 2d 1203, 1205 (Fla. 5th DCA 1998). "[A] reviewing court must defer to an agency's interpretation of an operable statute as long as that interpretation is consistent with legislative intent and is supported by substantial, competent evidence." Pub. Emp. Relations Comm'n v. Dade Cnty. Police Benevolent Ass'n, 467 So. 2d 987, 989 (Fla. 1985). If the agency's interpretation

is "within the range of possible and reasonable" interpretations, it is not clearly erroneous and should be affirmed.  See Republic Media, 714 So. 2d at 1205.

*Analysis*

The Commission's final order must be reversed because the record lacks competent and substantial evidence to support the order.  Furthermore, the Commission's interpretation of the statute falls outside the range of possible and reasonable interpretations, and is clearly erroneous.  More specifically, the Commission's decision is inconsistent with state law, the plain language of applicable law, specific provisions of the Florida Administrative Code, established principles of statutory interpretation, and the policy underlying veterans' preference laws.  Thus, Brennan was not obligated to submit any documentation to the City to establish his eligibility for promotion and receive a veterans' preference to which he was entitled.

We first address the policy underlying veterans' preference laws, which is unequivocally clear.  It is "the policy of this State of Florida that in appreciation for [veterans'] service to this state and the country, and in recognition of the time and advantage lost toward the pursuit of a civilian career, veterans . . . shall be granted preference in employment with the state and political subdivision of or in the state."  Ch. 98-33, at 244, Laws of Fla.  The Florida Supreme Court has stated that:

9

The purpose of veterans' preference acts is sometimes said to be to reward those who served their country in time of need, and, again, it is stated that such acts are a recognition of the qualities and traits developed by military service which tend to make of veterans superior public servants. But whether such preference is considered to be in recompense for the services performed and the sacrifices suffered by veterans, or whether it is considered to be a legislative recognition of the habits of industry, obedience, and fortitude instilled by their service on active duty in the armed forces of our country, there can be no doubt that the Legislature desired the veteran to have the actual benefit of the preference granted-either upon his entrance into public service or upon his promotion in such service, if a re-instated employee-and it is clear that the interpretation contended for by the Board would not accomplish the legislative purpose. 'Preference to veterans must be a reality. It cannot be made illusory or a mere gesture.'

Yates v. Rezeau, 62 So. 2d 726, 727 (Fla. 1953) (citations omitted).

It cannot be said that the City's ordinance can co-exist simultaneously with the state statute. A county cannot enact an ordinance that conflicts with a state statute. Phantom of Brevard, Inc. v. Brevard Cnty., 3 So. 3d 309, 314 (Fla. 2008). Where a municipality is authorized to legislate with the State, "a municipality's concurrent legislation must not conflict with state law." Thomas v. State, 614 So. 2d 468, 470 (Fla. 1993). "When a municipal 'ordinance flies in the face of state law' – that is, cannot be reconciled with state law – the ordinance 'cannot be sustained.'" City of Palm Bay v. Wells Fargo Bank, N.A., 114 So. 3d 924, 928 (Fla. 2013) (citing to Barragan v. City of Miami, 545 So. 2d 252, 255 (Fla. 1989).

10

Such a conflict "comes into play 'where the local enactment irreconcilably conflicts with or stands as an obstacle to the execution of the full purposes of the statute.'" Id. (citing 5 McQuillin Mun. Corp. § 15:16 (3d ed. 2012)).

The City's requirement creates a barrier for eligible veterans which is otherwise non-existent under the state statute. In effect, the City's requirement restricts the rights granted to veterans who seek promotional preference and renders the promotional preference a mere illusion. Thus, the conflict is self-evident, "flies in the face of state law," and the ordinance simply cannot stand. Id.

We agree with Brennan's argument that rule 55A-7.013 is inapplicable under the facts of this case. Rule 55A-7.013 addresses veterans' preference within the context of appointment and retention, and appointment and retention are not at issue in the case before us.[4] In fact, rule 55A-7.003(10) specifically defines the term "vacant position" to mean:

---

[4] Rule 55A-7.013 provides in relevant part as follows:

Documentation of Preference Claim.

(1) An applicant for a covered position who believes he or she is entitled to veterans' preference in employment shall indicate such preference on the application form.

(2) The applicant claiming preference is responsible for providing required documentation at the time of making an application for a vacant position, or prior to the closing date of the vacancy announcement.

(3) The covered employer shall inform applicants of requirements for documentation of eligibility for preference.

11

[A] position which the covered employer has announced as being open for recruitment and available to all applicants. **A position that is announced as being open to current employees only, to be filled by the reassignment, promotion or demotion of an employee is not a vacant position for the purpose of this chapter**.

Fla. Admin. Code R. 55A-7.013 (emphasis added).

Rule 55A-7.0111, Florida Administrative Code, which implemented section 295.09, Florida Statutes (2012),[5] and addresses veterans' preference in promotion, governs instead.[6]

_____

(4) The covered employer shall determine whether an applicant is eligible for veterans' preference.

(5) The covered employer shall document the employee's election of veterans' preference.

[5]      Section 295.09 provides as follows:

Reinstatement or reemployment; promotion preference.

(1)(a) When an employee of the state or any of its political subdivisions employed in a position subject or not subject to a career service system or other merit-type system, with the exception of those positions which are exempt pursuant to s. 295.07(4), has served in the Armed Forces of the United States and is discharged or separated therefrom with an honorable discharge, the state or its political subdivision shall reemploy or reinstate such person to the same position that he or she held prior to such service in the armed forces, or to an equivalent position, provided such person returns to the position within 1 year of his or her date of separation or, in cases of extended active duty, within 1 year of the date of discharge or separation subsequent to the extension. Such person shall also be awarded preference in promotion and shall be promoted ahead of all others who are as well qualified or less qualified for the position. When an examination for

Neither is the City's requirement consistent with rule 55A-7.0111 and

promotion is utilized, such person shall be awarded preference points, as provided in s. 295.08, and shall be promoted ahead of all those who appear in an equal or lesser position on the promotional register, provided he or she first successfully passes the examination for the promotional position.

(b) The provisions of paragraph (a) shall also apply to a person who was a veteran when employed by the state or its political subdivision and who was recalled to extended active duty in the Armed Forces of the United States and was discharged or separated therefrom with an honorable discharge.

(c) The provisions of paragraphs (a) and (b) shall apply only to a veteran's first promotion after reinstatement or reemployment, without exception.

(2) For the purposes of this section, "extended active duty" means active duty, other than for training, beyond the date of honorable discharge or separation, due to military requirements.

[6] Rule 55A-7.0111 provides as follows:

Reinstatement or Reemployment; Promotion Preference.

(1) When an employee in a covered position leaves employment of the state or its political subdivisions for the purpose of serving in the Armed Forces of the United States and is separated therefrom with an honorable discharge, the state or its political subdivision shall reinstate or reemploy such person under the following conditions:

(a) Reinstatement or reemployment is made to the same or to an equivalent position.

(b) Reinstatement or reemployment is made within one year of the date of separation from the military service, or, in the case of extended active duty, within one year of the date of discharge or separation subsequent to the extension.

(2) Persons reinstated or reemployed under this rule shall be awarded preference in promotion, and shall be promoted ahead of all other employees who are as well or less qualified for the position. When an examination, as defined in Rule 55A-7.003, F.A.C., is utilized, such

13

section 295.09. Nowhere in rule 55A-7.0111 and section 295.09, whose language is clear and unambiguous, is there a requirement that a veteran submit veterans' preference documentation, or DD-214 form. The City's requirement is also illogical and duplicative where, as here, the City maintained that documentation on file.

*Conclusion*

Brennan was not required to submit his 2003 DD-214 form with his job application, pursuant to section 295.09, Florida Statutes (2012), and rule 55A-7.0111, Florida Administrative Code. We therefore reverse the final order and remand with instructions that Brennan receive an award of five additional points on his fire lieutenant exam, and that he be promoted to the position of fire lieutenant with back pay and benefits from the time his modified test score entitled him to that position, if he would have otherwise been entitled to such promotion.

persons shall be eligible for preference points and ranking on the register as provided by Rule 55A-7.010, F.A.C., of this chapter. Eligibility for preference in promotion shall apply only to a veteran's first promotion after reinstatement or reemployment, without exception.

(3) If the reinstated or reemployed person is not promoted, the person retains promotion preference eligibility until the first promotion following reemployment is satisfied.

(4) Where the reinstated or reemployed person is not promoted and the register is vacated to establish a new register for the next promotion, such person shall retain eligibility for preference points and ranking on the new register as provided by Rule 55A-7.010, F.A.C.

14

Reversed and remanded with instructions.