# Third District Court of Appeal

## State of Florida

Opinion filed August 31, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2092
Lower Tribunal No. 13-0795 MPI

_____

## Alfred Ivan Murciano, M.D.,
Appellant,

vs.

## State of Florida, Agency for Health Care Administration,
Appellee.

An Administrative Appeal from the State of Florida, Agency for Health Care Administration.

Akerman LLP and Katherine E. Giddings and Michael J. Larson (Tallahassee); Holland & Knight and Rodolfo Sorondo, Jr., for appellant.

Tracy Cooper George (Tallahassee), Chief Appellate Counsel, for appellee.

Before LAGOA, EMAS and LOGUE, JJ.

EMAS, J.

Alfred Ivan Murciano, M.D. ("Dr. Murciano") appeals an amended order of the Agency for Health Care Administration ("AHCA"), requiring him to repay AHCA $1,265,741.45 for Medicaid overpayments, following a peer review audit. We affirm, and hold, on the central issue raised, that AHCA correctly construed the statutory definition of "peer" under section 409.9131(2)(c), Florida Statutes (2013).

**<u>BACKGROUND</u>**

Dr. Murciano is a physician, licensed to practice medicine in Florida. He specializes in pediatrics, has a subspecialty in infectious diseases, and is an authorized Medicaid provider. Dr. Murciano does not have an office practice, and provides services solely in a hospital setting, specifically in neonatal and pediatric intensive care units in hospitals in Miami-Dade, Broward and Palm Beach Counties.

Prior to January 2013, AHCA conducted an audit of Dr. Murciano's claims for Medicaid reimbursement for the period of September 1, 2008 through August 31, 2010. As part of the audit process, Dr. Murciano was required to submit documentation in support of the services he had provided and billed for during the relevant time period. That documentation was then reviewed preliminarily by a reviewing nurse. Thereafter, AHCA's peer review coordinator assigned, from a list of physician peer reviewers who contract with AHCA for this purpose, Dr.

2

Keith O'Hern to conduct a "peer review"[1] of Dr. Murciano's documentation. At the conclusion of the peer review and audit, AHCA determined Dr. Murciano had been overpaid by Medicaid for his services in the amount of $1,051,992.99.[2] AHCA sought repayment of this amount, along with a fine of $210,398.60 and the audit costs of $3,349.86, for a total of $1,265,741.45.

Following AHCA's determination, Dr. Murciano requested a formal administrative hearing pursuant to section 120.569, Florida Statutes (2013). AHCA referred the matter to the Division of Administrative Hearings ("DOAH"), which was assigned to Administrative Law Judge Todd P. Resavage ("the ALJ"). The formal hearing took place on January 21, 2014, and May 22, 2014.

---

[1] Under section 409.9131(5)(b), Florida Statutes (2013), in determining that a Medicaid overpayment has been made to a physician, AHCA must "[r]efer all physician service claims for peer review when the agency's preliminary analysis indicates that an evaluation of the medical necessity, appropriateness, and quality of care needs to be undertaken to determine a potential overpayment, and before any formal proceedings are initiated against the physician, except as required by s. 409.913."

Pursuant to section 409.9131(2)(b), a "peer" is defined as follows:

> "Peer" means a Florida licensed physician who is, to the maximum extent possible, of the same specialty or subspecialty, licensed under the same chapter, and in active practice.

[2] AHCA's Final Audit Report indicated one portion of this amount was due to the fact that Dr. Murciano's documentation supported a "lower level of office visit than the one for which [he] billed and received payment," and the other portion was due to the fact that Dr. Murciano failed to submit any documentation for certain services for which he billed and received payment from Medicaid.

Thereafter, the ALJ issued its Recommended Order, recommending AHCA dismiss its Final Audit Report. Specifically, and of significance, the ALJ found, in its "Conclusions of Law," that Dr. Murciano's peer review was conducted by a physician (Dr. O'Hern) who did not meet the statutory definition of "peer" as required by Florida law for a determination of overpayment, and that therefore, AHCA's case must be dismissed.

AHCA filed timely exceptions to the ALJ's Recommended Order, asserting that Dr. O'Hern was a peer of Dr. Murciano as defined by section 409.9131 and further, that the ALJ was required to defer to AHCA's interpretation of the term "peer" as this was a conclusion of law. AHCA also asserted it was reversible error to dismiss the entire case because a portion of the overpayment determination (forty-four per cent, according to AHCA) was based upon Dr. Murciano's failure to provide any supporting documentation for certain claims, which, under the statutory framework, requires no peer review at all. AHCA requested that the Recommended Order be set aside and that the matter be remanded to DOAH for a de novo hearing.

Thereafter, AHCA's agency clerk remanded the matter back to the ALJ, finding the ALJ departed from the essential requirements of the law by concluding Dr. O'Hern did not meet the definition of a peer under section 409.9131; by failing to give deference to AHCA's interpretation of the statute; and by failing to make

4

specific factual findings on the claims at issue. The agency clerk also issued a "partial final order," specifically finding that Dr. O'Hern was Dr. Murciano's "peer" as defined by Florida law "because he too has a Florida medical license, is a pediatrician and had an active practice at the time he reviewed [Dr. Murciano's] records."

On July 24, 2014, and again on August 18, 2014, the ALJ declined the remand, finding that there were no "exceptional circumstances" for remand, and reaffirmed his previous recommendation that AHCA issue a final order dismissing the Final Audit Report.

In response, AHCA filed a petition for writ of mandamus in the First District Court of Appeal (Case No. 1D14-3836), asserting there were exceptional circumstances for AHCA's remand because the ALJ refused to make necessary factual findings based solely on his erroneous conclusion that Dr. O'Hern did not meet the definition of "peer" under section 409.9131(2)(c). Further, AHCA argued that its interpretation of the term "peer" was reasonable and should have been given deference. AHCA requested the First District to order the ALJ to perform his legal duty on remand to make the requested findings of fact and conclusions of law.

The First District, treating the petition as one for review of non-final agency action pursuant to section 120.68(1), Florida Statutes (2014), agreed with AHCA

that the ALJ departed from the essential requirements of law by failing to make factual findings on all of the contested Medicaid claims, but declined to reach the substantive question of whether the ALJ should have deferred to AHCA's interpretation of the word "peer," and whether the determination that some of the Medicaid claims were not supported by sufficient documentation must be made by a "peer." State v. Murciano, 163 So. 3d 662 (Fla. 1st DCA 2015).

On remand, the ALJ again found that Dr. O'Hern was not a "peer" of Dr. Murciano (this time, the ALJ's finding was located under "Findings of Fact" rather than under "Conclusions of Law," where it had been located in its previous order), and accordingly, the ALJ found that an appropriate peer review was not conducted before formal proceedings were initiated, as required by section 409.9131(5)(b). However, recognizing the directives set forth in the First District's opinion, the ALJ nevertheless made findings of fact as to the claims of overpayment. In doing so, the ALJ determined that AHCA "established a prima facie case of overpayment and proved, by a preponderance of the evidence, that [Dr. Murciano] was overpaid in the amount claimed in the Final Audit Report [$1,051,992.99]." The ALJ further determined that AHCA was entitled to costs and to impose an administrative fine of $6,000. The ALJ's ultimate recommendation was that AHCA issue a final order finding Dr. Murciano was overpaid, and therefore that he is liable for reimbursement to AHCA.

After exceptions to the Recommended Order on Remand were filed, AHCA issued its Amended Final Order, requiring Dr. Murciano to repay $1,051,992.99 plus interest, a fine and costs. AHCA found that the issue of whether O'Hern was a statutorily-defined peer was a conclusion of law over which AHCA has substantive jurisdiction, and that therefore AHCA could reject the ALJ's determination on that issue. AHCA again determined that Dr. O'Hern was a peer of Dr. Murciano as defined by statute. AHCA also rejected the other exceptions raised by Dr. Murciano.[3]

This appeal followed. Dr. Murciano contends that AHCA erred in finding that Dr. O'Hern was Dr. Murciano's peer, as statutorily defined, and that AHCA erred in reversing the ALJ's contrary determination. Dr. Murciano asserts that because this was a question of fact, it was within the sole province of the ALJ. Further, Dr. Murciano argues because the required peer review was not performed by a statutorily-qualified peer, he should not be required to pay the overpayment

---

[3] AHCA also determined that "the First District Court of Appeal supported the Agency's conclusions on this issue by finding that 'the ALJ departed from the essential requirements of law in declining AHCA's second request to make factual findings on all of the contested claims in light of AHCA's legal conclusion that Dr. O'Hern met the statutory definition of 'peer.'" We reject this contention. The issue of whether Dr. O'Hern was a statutorily-qualified peer was not reached by the First District, which determined only that the ALJ had a non-discretionary, ministerial duty to make findings of fact given AHCA's determination that Dr. O'Hern was a statutorily-qualified peer. See State v. Murciano, 163 So. 3d at 665.

and this court should reverse with directions to AHCA to enter an order dismissing AHCA's Amended Final Order.

AHCA argues that the question of whether Dr. O'Hern was a peer, as statutorily defined, is a question of law and one within its purview as the agency administering the law, and therefore, that it is not required to give any deference to the ALJ's determination on this issue. Further AHCA argues that the plain language of the statute supports its reasonable interpretation, and that based on this and the ALJ's other factual findings, this court should affirm the Amended Final Order.

**ANALYSIS**

The central question raised by this appeal is whether AHCA erred in determining that Dr. O'Hern met the statutory requirements of a "peer" under section 409.9131(2)(b). To the extent that this involves questions of fact, this court must "review[] the agency's findings of fact to determine whether they are supported by competent, substantial evidence in the record." United States Blood Bank, Inc. v. Agency for Workforce Innovation, 85 So. 3d 1139, 1142 (Fla. 3d DCA 2012) (citing section 120.68(7)(b), Fla. Stat. (2011)). However, to the extent this involves a question of law, we review the issue de novo but, in doing so, this court must give "great deference to the agency's interpretation of the statutory policy it is to administer . . . [and] be moved to intervene only by clearly erroneous

8

interpretations of a statute or findings of fact not supported by competent substantial evidence." Bethesda Healthcare Sys., Inc. v. Agency for Health Care Admin., 945 So. 2d 574, 576 (Fla. 4th DCA 2006). See also Brennan v. City of Miami, 146 So. 3d 119, 123 (Fla. 3d DCA 2014) (holding that "[i]f the agency's interpretation is 'within the range of possible and reasonable' interpretations, it is not clearly erroneous and should be affirmed"); C.D. v. Agency for Persons with Disabilities, 95 So. 3d 383, 384 (Fla. 3d DCA 2012) (holding that "[a]n agency's conclusions of law are reviewed de novo, however, 'an agency's interpretation of a statute it is charged with enforcing is entitled to great deference'") (internal quotations omitted).

Under section 120.57(1)(*l*), Florida Statutes (2015), after the ALJ has submitted a recommended order, AHCA "may reject or modify the conclusions of law over which it has substantive jurisdiction." When doing so, "the agency must state with particularity its reasons for rejecting or modifying such conclusion of law . . . and must make a finding that its substituted conclusion of law . . . is as or more reasonable than that which was rejected or modified." Id. However, as to the ALJ's findings of fact, AHCA may not reject or modify those findings "unless the agency first determines from a review of the entire record, and states with particularity in the order, that the findings of fact were not based upon competent

9

substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law." Id.

We conclude that the question presented—whether Dr. O'Hern is a "peer" of Dr. Murciano—as statutorily defined, is ultimately a legal question. While this ultimate legal determination is informed by underlying facts (which the ALJ would be in the best position to adjudicate), the facts material to the resolution of this issue are not in dispute. It is undisputed that Dr. O'Hern was:

- Of the same specialty (board certified in pediatrics);

- Licensed under the same chapter; and

- In active practice.

It is further undisputed that Dr. O'Hern was not of the same subspecialty as Dr. Murciano: while Dr. Murciano was board certified in the subspecialty of pediatric infectious diseases, Dr. O'Hern was not.[4] Dr. O'Hern had no board certification in infectious diseases, although he did complete a one-year fellowship in infectious disease in 1978, during his training at the University of Florida. Dr. O'Hern also treated a number of pediatric patients for infectious diseases during his thirty-seven-year medical career.

---

[4] According to the American Board of Medical Specialties, pediatrics is a specialty for which a medical doctor may become board certified; pediatric infectious diseases is a subspecialty for which one may also become board certified. See ABMS Guide to Medical Specialties, available at http://www.abms.org/member-boards/specialty-subspecialty-certificates/ (last visited August 8, 2016).

10

Therefore, in construing the statutory provision in question, and the application of that statute to the undisputed facts, all that remains is the legal determination of whether, under the statute and these undisputed facts, Dr. O'Hern is, "to the maximum extent possible, of the same specialty or subspecialty."

As stated above, section 409.9131(2)(b) defines a "peer" as follows:

> "Peer" means a Florida licensed physician who is, to the maximum extent possible, of the same specialty or subspecialty, licensed under the same chapter, and in active practice.

Dr. Murciano contends, in effect, that the only reasonable interpretation of the statute requires a conclusion that Dr. O'Hern is not a "peer" because he is not of the same specialty <u>and</u> subspecialty as Dr. Murciano. We do not agree. To adopt the statutory construction urged by Dr. Murciano would ignore the plain language of the statute, and violate a fundamental principle of statutory construction:

> It is a fundamental principle of statutory interpretation that legislative intent is the "polestar" that guides this Court's interpretation. We endeavor to construe statutes to effectuate the intent of the Legislature. To discern legislative intent, we look "primarily" to the actual language used in the statute. Further, "[w]hen the statute is clear and unambiguous, courts will not look behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain intent." <u>Daniels v. Fla. Dep't of Health</u>, 898 So.2d 61, 64 (Fla.2005).

<u>Borden v. East-European Ins. Co.</u>, 921 So. 2d 587, 595 (Fla. 2006) (internal citations omitted).

11

We find no ambiguity in the statutory language employed by the Florida Legislature. We conclude that the statutory language "of the same specialty or subspecialty" denotes a disjunctive application. The use of the word "or" in a statute is generally construed in the disjunctive, and normally indicates that alternatives were intended. Sparkman v. McClure, 498 So. 2d 892, 895 (Fla. 1986); Piper Aircraft Corp. v. Schwendemann, 564 So. 2d 546, 548 (Fla. 3d DCA 1990). Applying this general rule to the plain language of section 409.9131(2)(b), we hold that Dr. O'Hern was a "peer," as he was, to the maximum extent possible, of the same specialty or subspecialty as Dr. Murciano.

We do not ignore Dr. Murciano's argument that a peer who is both a board certified specialist in pediatrics and a board certified subspecialist in infectious diseases might be more desirable as a peer reviewer for Dr. Murciano. And while the statute would *permit* the use of a peer reviewer who is of the same specialty and subspecialty, the statute does not *require* it. If such were a requirement, the Legislature would have utilized different statutory language; for example, it might have provided:

> "Peer" means a Florida licensed physician who is, to the maximum extent possible, of the same specialty and, if applicable, of the same subspecialty, licensed under the same chapter, and in active practice.

Given the plain and unambiguous statutory language used, we must presume that the Legislature said what it meant and meant what it said, and conclude that

12

AHCA's interpretation of the statute, and its application to the undisputed material facts in this case, was "within the range of possible and reasonable interpretations." Brennan, 146 So. 3d at 123.[5]

**CONCLUSION**

In light of our holding that the determination below was a legal one, and our further holding that the statutory construction was reasonable, ACHA was authorized to reject the ALJ's legal conclusion that Dr. O'Hern was not a peer under the statute. See § 120.57(1)(*l*) (providing that AHCA may "reject or modify the conclusions of law over which it has substantive jurisdiction."); Pub. Employees Relations Comm'n v. Dade Cnty. Police Benevolent Ass'n, 467 So. 2d 987, 989 (Fla. 1985) (holding Public Employees Relations Commission, and not the hearing officer, has ultimate authority to administratively interpret applicable

---

[5] For example, AHCA might determine that under the circumstances of a particular audit, it might be more appropriate for the peer reviewer and doctor to be of the same specialty, rather than of the same subspecialty. Further, the statutory language "to the maximum extent possible" provides some deference to AHCA to implement its peer review process and exercise its discretion, given that it must select its peer reviewer from a finite list of medical professionals who contract with AHCA to perform peer reviews. See § 409.9131(5)(b), Fla. Stat. (2013) (requiring AHCA to refer all physician service claims for peer review before any formal proceedings may be initiated against the physician). See also McKenzie Check Advance of Fla., LLC v. Betts, 928 So. 2d 1204, 1215-16 (Fla. 2006) (observing that, although the courts are the final authority on the interpretation of a statute, courts "can benefit from an agency's unique combination of technical knowledge and practical experience," which is why "deference usually will be accorded an administrative agency's interpretation of matters entrusted by statute to its discretion or expertise")(additional citations omitted).

13

statute, and that the Commission has the authority to overrule a statutory interpretation made by one of its hearing officers).

Affirmed.