# Third District Court of Appeal
## State of Florida

Opinion filed July 26, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-672
Lower Tribunal Nos. DOAH 20-4937, 22-0018
_____

**Town of Miami Lakes,**
Appellant,

vs.

**State of Florida, Department of Management Services, etc.,**
Appellee.

An Appeal from the State of Florida, Department of Management Services.

Llopiz Wizel LLP, and Joan Carlos Wizel and Onier Llopiz (Fort Lauderdale), for appellant.

Clark N. Gates, Assistant General Counsel, and Olorunfunmi Ojetayo, Deputy General Counsel (Tallahassee), for appellee.

Before EMAS, FERNANDEZ, and HENDON, JJ.

HENDON, J.

The Town of Miami Lakes ("the Town") appeals from a Final Order entered by the Department of Management Services ("DMS"), adopting the Administrative Law Judge's ("ALJ") Recommended Order, requiring that the Town repay to DMS the retirement benefits it paid to one of its employees. We affirm.

The Florida Retirement System ("FRS") is a retirement program offered to state and local government employees governed by chapter 121, Florida Statutes and Title 60S, Florida Administrative Code. Members of FRS may elect to participate in a program known as the Deferred Retirement Option Program ("DROP"), which allows for the member to defer the receipt of their retirement benefits while continuously working for the FRS employer. §121.091(13)(a), Fla. Stat. (2018) A member is eligible to participate in the DROP program if they are employed and work in a "regularly established position." Id. A regularly established position "is an employment position which will be in existence beyond 6 consecutive calendar months. . . ." Fla. Admin. Code R. 60S-1.004(4)(b).

A member of FRS who wishes to seek employment after retirement is subject to the limitations set forth in section 121.091. That statute provides that "a retiree may not be reemployed with an employer participating in the Florida Retirement System until such person has been retired for 6

2

calendar months." § 121.091(9)(d)1., Fla. Stat. (2018). The reemployment limitations state that if the member is employed by an FRS employer within the first six (6) months of retirement, in violation of the prohibition, both the member and the FRS employer will be held jointly and severally liable for the retirement benefits that were paid to the member. §121.091 (9)(b)(1), Fla. Stat. (2018).

Ms. Dawn Jenkins ("Ms. Jenkins") was a Miami-Dade Public School teacher for forty years before her retirement on June 8, 2018. Ms. Jenkins was enrolled in the DROP program and began receiving her monthly retirement benefits immediately upon termination of her employment status. At that time, DMS put Ms. Jenkins on notice that she would have to "terminate all employment relationships with all participating FRS employers for the first 6 calendar months after the DROP termination date." FRS requires employers to submit monthly reports to the Department's Division of Retirement for the purpose of tracking wages, retirement contributions, and years of service. If the monthly reports include a recent retiree, an investigation will ensue to ensure that retirement contributions are not made to the employee.

Two months after her official retirement, Ms. Jenkins filled out an employment application to be a yoga instructor for the Town, to temporarily

3

fill in for the Town's regular instructor who was on medical leave. Ms. Jenkins received and accepted the Town's offer of employment for the position of "Back Up Part-Time Instructor, Yoga." The Town's offer letter included the statement that the position is an FRS-covered position and that a percentage of pay would be withheld for retirement. Ms. Jenkins was hired by the Town to serve as its senior yoga instructor, and was paid $26 an hour. The Town's personnel action forms identified Ms. Jenkins' employment as part-time and non-exempt, and checked "FRS" under Benefits. For the sixteen yoga classes Ms. Jenkins taught, the Town sent her an IRS W-2 wage and tax statement.

As an FRS employer, the Town sent its required monthly report to the Department's Division of Retirement, which triggered an investigation of Ms. Jenkins' employment as a violation of the statutory reemployment prohibition under Chapter 121, Florida Statutes. Despite the Town's attempts to remedy the situation, DMS found Ms. Jenkins in violation of the reemployment prohibition and ultimately settled the matter with her. The settlement agreement required Ms. Jenkins to repay the money owed to the FRS Trust Fund through monthly deductions from her retirement benefits. The settlement agreement also obligated DMS, to in good faith, seek reimbursement for the entire debt from the Town. The settlement

4

agreement provided that if DMS was able to recover the entire amount from the Town, DMS would cease the monthly deductions, notify Ms. Jenkins, and refund her the deductions withheld. The Department issued a Notice of Intended Agency Action letter against the Town on October 2, 2020, informing the Town that it was jointly and severally liable for the repayment of Ms. Jenkins' retirement benefits in accordance with section 121.091(9)(c)3., Florida Statutes.

The Town requested an administrative hearing before an ALJ at the Department of Administrative Hearings. After hearing testimony of several witnesses, the ALJ issued a recommended order, finding that the Town employed Ms. Jenkins as an FRS employee less than six months after her retirement, in violation of the statutory reemployment prohibitions. The ALJ concluded that the Town is jointly and severally liable for repayment of Ms. Jenkins' retirement benefits paid. After considering the Town's exceptions to the recommended order, DMS issued a final order rejecting the Town's exceptions and accepting the ALJ's recommended order in its entirety. The Town appeals.

Our standard of review of an agency's conclusions of law is de novo. Estrada v. Mercy Hosp., Inc., 121 So. 3d 51, 54 (Fla. 3d DCA 2013); see also § 120.68(7)(d), Fla. Stat. (2019). "The record is reviewed to determine

5

whether competent and substantial evidence supports an administrative agency's decision." Brennan v. City of Miami, 146 So. 3d 119, 123 (Fla. 3d DCA 2014); see also § 120.68(7)(b), Fla. Stat. "If supported by competent, substantial evidence, an appellate court must accept those findings." Mobley v. State, 181 So. 3d 1233, 1236 (Fla. 1st DCA 2015). "However, if the agency's decision is not supported by substantial, competent evidence established in the record of the administrative hearing, it will be overturned." Wise v. Dep't of Mgmt. Servs., Div. of Ret., 930 So. 2d 867, 870–71 (Fla. 2d DCA 2006). Finally, and pursuant to a recent constitutional adoption, we give no deference to agency interpretations of statutes or rules. A.C. v. Agency for Health Care Admin., 322 So. 3d 1182, 1187 (Fla. 3d DCA 2019).

On appeal, the Town first argues that the ALJ erroneously determined the Town violated the reemployment prohibitions in Chapter 121, Florida Statutes. The record shows that DMS met its burden to prove that Ms. Jenkins was employed as an FRS employee in a regularly established position. The evidence to support the ALJ's findings included testimony from witnesses, including the Town Manager, and written evidence, including the offer of employment letter with the stated rate of pay, that showed Ms. Jenkins received compensation and was in a FRS

position that was regularly established. Record testimony provided that the Town had not allowed for a regularly established position to be filled by an independent contractor. Thus, we find the ALJ's determinative factual findings are supported by competent and substantial evidence in the record.

The Town also asserts that the settlement agreement between Ms. Jenkins and DMS acts to set off the Town's statutory joint and several liability. We disagree. The settlement agreement does not act to release the Town from statutory joint and several liability. Rather, the settlement agreement provides that DMS would, in good faith, pursue the full amount of the monies owed to DMS from the Town as well as from Ms. Jenkins, and states that once DMS is made whole, no further recovery is necessary. DMS will not recoup more than it is due. As the Final Judgment notes,

> The amount of the repayment in this section is the full amount of the overpayment made to Jenkins. The Petitioner alleges that the Department should not be entitled to recoup this full amount as the Department has been withholding monies from Jenkins's retirement benefits payments to satisfy some of the amount due to the Department for the overpayment. In making this claim, the Petitioner ignores that the settlement agreement between the Department and Jenkins specifies that if the Department recoups the full amount of the overpayment from the Petitioner, the Department will refund Jenkins the monthly payments that have been withheld. Though the Department is not entitled to collect more than the full amount of the overpayment from the Petitioner and Jenkins jointly, the Petitioner's payment of the full amount will not cause the

7

Department to have recouped such excess funds as any funds previously withheld from Jenkins will be refunded in accordance with the settlement agreement terms.

(Emphasis added). Accordingly, based on the above analysis, we affirm the

Final Order in all respects.

Affirmed.